Terry Lee TOWNSLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 51746.

Court of Criminal Appeals of Texas.

July 7, 1976.

Frank Maloney and Kenneth E. Houp, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty., and Stephen Capelle, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before the court without a jury on a plea of not guilty, appellant was convicted of involuntary manslaughter. See V.T.C.A., Penal Code Section 19.05(a)(1). Punishment was assessed at five years probated.

Appellant initially contends that the court erred in overruling his motion to quash the indictment, arguing that it did not comply with the requirements of Article 21.15, V.A.C.C.P.

The indictment contained two counts, and prior to the commencement of the trial the State elected to proceed only on the second count. Said count, omitting the formal beginning, alleges that on or about February 8, 1974, in Travis County, appellant

"did then and there recklessly cause the death of Luther Eugene Stark by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer and recklessly causing said vehicle to run off the roadway and roll over, thereby fatally injuring the said Luther Eugene Stark, who was a passenger in said vehicle . . ."

V.T.C.A., Penal Code Section 19.05(a)(1) and (c) provides:

"19.05. Involuntary Manslaughter

"(a) A person commits an offense if he:

"(1) recklessly causes the death of an individual; or

\*   \*   \*   \*   \*   \*

"(c) An offense under this section is a felony of the third degree."

Article 21.15, V.A.C.C.P., as amended by Acts of 1973, 63rd Legislature, p. 968, ch. 399, Section 2(A), effective January 1, 1974, provides:

"Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence."

Appellant argues that since Article 21.15 as amended, supra, is identical, insofar as it deals with allegations of negligence, to its predecessor before the amendment (see Article 21.15 as it read before January 1, 1974), the cases construing said prior statute would be authoritative and cites us to *Scott v. State*, 171 Tex.Cr.R. 53, 344 S.W.2d 457 (1961); *Short v. State*, Tex.Cr.App., 387 S.W.2d 50 (1965) and *Jones v. State*, Tex.Cr. App., 388 S.W.2d 716 (1965). Each of these three cases was reversed because of the failure of the complaint and information to comply with the requirement of the statute that the acts relied upon to constitute negligence be alleged with reasonable certainty. Although the opinions in the above cases do not set out the language of the State's pleading, a study of the records on file in this Court reflects that the allegations of negligence relied on to constitute aggravated assault by motor vehicle were as follows:

In *Scott v. State*, supra: ". . . by then and there wilfully and with negligence colliding with and causing injury to the person of Maudie Davis, . . ."; in *Short v. State*, supra: ". . . by then and there willfully and with negligence colliding with and causing injury to the person of Margaret Young; . . ."; and in *Jones v. State*, supra: ". . . by then and there willfully and with negligence colliding with and causing injury to the person of George Chromack." It is quite obvious that the complaint and information in each of these cases did not comply with the requirements of Article 21.15, V.A.C.C.P. as it read at the time the pleadings were drawn, and that the judgments were properly reversed.

The indictment in the instant case is clearly distinguishable from the State's pleadings in the above cited cases. It does not allege merely "that the accused, in committing the offense, acted recklessly" as proscribed by Article 21.15, V.A.C.C.P., as amended. The indictment alleges "with reasonable certainty" the act relied upon to constitute recklessness, said act being "by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer, and recklessly causing said vehicle to roll over . . ." See *DeMary v. State*, Tex.Cr.App., 423 S.W.2d 331.

Appellant insists that the acts alleged to constitute recklessness must be plead within the context of the definition of reckless as that term is defined in V.T.C.A. Penal Code, Section 6.03(c), as follows:

"A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

We hold that as long as the act relied upon to constitute recklessness is *alleged* with reasonable certainty so that the accused will be informed of the nature of the reckless act of which he is accused, the State is not required to plead such act in the terms of the above statute defining recklessly. We conclude that the indictment sufficiently alleged with reasonable

certainty the act or acts relied upon to constitute recklessness, and the court properly overruled appellant's motion to quash.

Appellant contends that the district court trying this case had no original jurisdiction of the offense charged in the indictment, since said offense of involuntary homicide resulting from the use of a motor vehicle is governed by Section 50A of Article 6701d, V.A.Civ.St. (Acts 1971, 67th Leg., p. 730, ch. 83, Sec. 19, effective August 30, 1971), and not by V.T.C.A. Penal Code, Section 19.-05(a)(1), supra, and hence said offense is merely a misdemeanor.

Article 6701d, Section 50A, supra, provides:

"Sec. 50A

"(a) Whoever shall unlawfully and unintentionally (with a conscious disregard for the rights of others) cause the death of another person while engaged in the violation of any State or municipal ordinance applying to the operation or use of a vehicle or streetcar or to the regulation of traffic shall be guilty of homicide when such violation is the proximate cause of said death.

"(b) Any person convicted of homicide by vehicle shall be fined not less than Five Hundred Dollars ($500) nor more than Two Thousand Dollars ($2,000), or shall be imprisoned in the county jail for not less than three (3) months nor more than one (1) year, or may be so fined and so imprisoned; provided, however, that such person may be tried only upon indictment by a grand jury and may be tried only in the county where the violation occurred."

In *Davis v. State*, Tex.Cr.App., 519 S.W.2d 874 (1975), relied on by appellant, we held that said Section 50A had the effect of repealing the negligent homicide statutes, Articles 1230–1243, V.A.P.C. (1925), *insofar as the homicide was the result of the negligent operation of a motor vehicle*, and that Section 50A alone was applicable in such cases. The offense in *Davis* occurred December 18, 1972, prior to the effective date of V.T.C.A. Penal Code, Section 19.05, supra, and Section 21.15, supra. The holding in *Davis* does not control the instant offense which was committed February 8, 1974, after the effective date of the new Code.

The Practice Commentary to said Section 19.05 contains the following language:

"The legislature in 1971 added a vehicular homicide offense to the traffic laws, see R.C.S. art. 6791d, (sic) § 50A; it was not expressly repealed by the new code and on its face thus duplicates the offense of involuntary manslaughter—and perhaps that of criminally negligent homicide as well. A general rule of statutory construction provides, however, that if a code purports to cover an entire topic, a prior statute dealing with the topic but not included in the code is impliedly repealed, see *American Indemnity Co. v. City of Austin*, [112 Tex. 239] 246 S.W. 1019 (T. 1922); D. Sands, 1A Sutherland Statutory Construction § 28.13 (4th ed. 1972); contra, Att'y Gen.Op. No. H–213 (1974). The entire topic of criminal homicide, which is basic to the penal law, is of course dealt with comprehensively in the new code, and it is unlikely that the legislature intended to preserve a separate offense dealing solely with homicide caused by motor vehicle."

As evidence of the Legislature's intent that the new Penal Code should deal with the entire subject of criminal homicide, V.T.C.A. Penal Code Section 19.01, Types of Criminal Homicide, provides:

"(a) A person commits criminal homicide if he intentionally, knowingly, recklessly, or with criminal negligence causes the death of an individual.

"(b) Criminal homicide is murder,[1] capital murder,[2] voluntary manslaughter,[3] involuntary manslaughter,[4] or crim-

---

1. See Section 19.02.

2. See Section 19.03.

3. See Section 19.04.

4. See Section 19.05.

inally negligent homicide." [5]

The four culpable mental states mentioned in Section 19.01(a), supra, are classified in Section 6.02 of the Code as follows:

"(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

"(1) intentional;

"(2) knowing;

"(3) reckless;

"(4) criminal negligence."

Section 6.03 defines each of the aforesaid "Culpable Mental States." Section 6.03(c), which defines the culpable mental state of recklessness, has heretofore been quoted.

Thus, it is apparent that the Legislature, in enacting Sections 19.01 to 19.07, inclusive, supra, which constitute Chapter 19 of the new Penal Code under the heading Criminal Homicide, and the above sections defining the four culpable mental states specified in Section 19.01 under the heading Types of Criminal Homicide, intended that the entire topic of criminal homicide be dealt with and provided for in the new Penal Code. We so hold. We further hold that the Legislature, in enacting said Code, did not intend to preserve a separate offense under Section 50A of Article 6701d, V.A.Civ.Stat. dealing solely with homicide caused by motor vehicle, as contended by appellant. Consequently, we hold that said Section 50A of Article 6701d, V.A.Civ.St. was repealed by the provisions of the new Penal Code of 1973, supra.

The offense charged in the indictment was a felony of the third degree, and the district court in which the case was tried properly exercised jurisdiction.

For the reasons stated above, appellant's contention that the indictment failed to apprise him of the offense with which he was charged is without merit, and is overruled. Likewise, his contention in his fourth ground that the punishment assessed was not authorized by law is overruled. The indictment was returned and the prosecution conducted under V.T.C.A. Penal Code, Section 19.05(a)(1) and (c), supra, which provides that the offense alleged is a felony of the third degree. The punishment assessed was within the limits provided for such a felony by V.T.C.A. Penal Code, Section 12.-34.

The judgment is affirmed.

Opinion approved by the Court.