Martha Hill THOMPSON, Appellant,

v.

STATE of Texas, Appellee.

No. C14–81–351CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 19, 1984.

Robert Chrane, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

Appellant Martha Hill Thompson was charged with criminally negligent homicide in the death of a pedestrian, Edwin Wayne Phillips, pursuant to TEX.PENAL CODE ANN. § 19.07 (Vernon 1974). Appellant pled not guilty. A jury found her guilty, assessed punishment at confinement for one year and a $2,000 fine, and recommended probation of both. Appellant presents twenty-two grounds of error. We overrule all of them and affirm the trial court's judgment.

Initially we will make only a brief statement of facts. Additional facts will be stated as necessary in consideration of some of the grounds of error.

At about 6:30 a.m. on December 17, 1980, appellant, while driving an automobile on Henry Road in Houston, struck and killed seventeen year old high school student Edwin Wayne Phillips as he was walking on or just off the edge of Henry Road toward a bus stop. A number of other children were either at the bus stop or walking toward it at the same time.

Appellant's first ground of error is that the statutory definition of the culpable mental state of criminal negligence described in TEX.PENAL CODE ANN. § 6.03(d) (Vernon 1974) is patently unconstitutionally vague, ambiguous, overbroad, and therefore void.

In the second ground of error appellant apparently contends that the statute is unconstitutional in its application to her. Appellant devoted fifteen lines in her brief to state ground of error two. We have carefully studied this ground of error and over seven pages of argument and authorities under the first two grounds of error. We find no merit in either ground or any of the argument. In *Lewis v. State,* 529 S.W.2d 550, 553 (Tex.Crim.App.1975) the court held that the involuntary manslaughter statute, § 19.05(a)(1), and the criminally negligent homicide statute, § 19.07, are constitutional. The court stated that those sections are not so vague and uncertain as to be unconstitutional and unenforceable as penal statutes. On the authority of *Lewis* we overrule the first two grounds of error.

In the third ground of error appellant urges that the definition of criminal negligence as a culpable mental state unconstitutionally shifted to appellant the burden of proof as to an essential element of the offense, creating an irrebuttable presumption of guilt and relieving the state of its burden of proof.

Section 19.07(a) provides as follows:

A person commits an offense if he causes the death of an individual by criminal negligence.

Section 6.03(d) of the penal code provides as follows:

A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct *when he ought to be aware of a substantial and unjustifiable risk* that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Under the third ground of error appellant contends that in order to convict her of criminally negligent homicide the state had the burden of proving not only that she ought to be have been aware that her conduct created a substantial and unjustifiable risk but also that she failed to perceive that risk. We have serious doubt that § 6.03(d) places on the state the burden of proving that appellant failed to perceive the risk in order to convict her of criminally negligent homicide. We believe that proof beyond a reasonable doubt that she ought to have been aware of a substantial and unjustifiable risk is enough to convict even if there is no evidence that she failed to perceive the risk. The sentence in § 6.03(d) in which the words "failure to perceive" are found is merely a definition of "substantial and unjustifiable risk" used in the preceding sentence. However, for the reasons set forth below we do not have to decide in this case whether the state had the burden of proving that the appellant failed to perceive the risk, and for purposes of our decision we will assume that the state was required by § 6.03(d) to make such proof. We hold that the statute did not shift the burden of proof to appellant on that element of the offense. Appellant's arguments under this third ground of error are novel ones but in our opinion they are very convoluted arguments and have no merit.

The law is clear that circumstantial evidence is generally relied upon and is sufficient to prove a required culpable mental state. *Lopez v. State,* 630 S.W.2d 936 (Tex.Crim.App.1982); *Dillon v. State,* 574 S.W.2d 92 (Tex.Crim.App.1978).

In *Lopez* the defendant was convicted of criminally negligent homicide on evidence showing that he was driving a speeding car on a city thoroughfare at 11:30 p.m., ran a red light and collided with a car, causing the death of a passenger in the car. The court of criminal appeals affirmed, holding the evidence was sufficient to support the jury finding that an ordinary or reasonably prudent person ought to have been aware that a substantial and unjustifiable risk was created when he exceeded the speed limit and ran a red light on a city thoroughfare at 11:30 p.m. In *Lopez* the court

quotes from *Dillon v. State, supra* at p. 94, as follows:

> [P]roof of a culpable mental state generally relies on circumstantial evidence. Upon consideration of recklessness versus criminal negligence, whether one is aware of a requisite risk or simply should be aware of it, is a conclusion to be drawn through inference from all the circumstances by the trier of fact. . . . The issue is not one of theoretical possibility, but one of whether, given all the circumstances, it is reasonable to infer that the particular individual on trial was in fact aware of the risk. If such an inference is reasonable, it is for the trier of fact to determine which circumstances to accept as proven and whether to draw that inference, and it is not for this Court to overturn such an inference, drawn on the whole of circumstances, because one witness testified to the possibility that the inference could be false even though soundly supported by the circumstances. Such an approach to the issues of proof of culpable mental states would render the evidence insufficient in all cases, as it is always *possible* that one's intents are different than what all outward appearances would indicate.

In the instant case there was sufficient evidence to prove the following: At about 6:30 a.m. on December 17, 1980, appellant was driving her car along Henry Road in Houston. She was driving from her home to her place of employment, a Seven-Eleven convenience store, to take keys to a safe and cash register, keys that by mistake she had taken home with her the preceding evening. The assistant manager needed the keys to close out his shift at 7:00 a.m. and had telephoned appellant to bring them to him. Appellant did not dress but put on a robe to drive to the store. She had previously suffered a broken wrist and her arm was in a cast at the time. At 6:30 a.m. on December 17 it was dark or just beginning to get light. Henry Road was a two-lane black-topped street without curbs and gutters and without sidewalks on either side. Just before the accident in question appellant was driving at a speed of at least 50–57 miles per hour. Appellant disputed this evidence of speed, claiming she presumed she was only going about 30–35 miles per hour although her testimony on speed was based on her "feel" of her car and not on more than an occasional look at the speedometer. The deceased, Edwin Wayne Phillips, was walking on or near the edge of the paved portion of Henry Road on appellant's right hand side. He was walking toward a nearby bus stop where he and other children also on their way to school would board a school bus. Appellant testified that she did not recall ever seeing the deceased prior to the time her vehicle struck him, although she claims she was looking ahead and watching where she was going. She did not know what she had hit before she stopped her car and got out and looked, when she saw she had hit the deceased. She did not apply her brakes until after she had hit something. The deceased's body was found seventy-two feet from the point of impact and the appellant's vehicle left 116 feet of skid marks. The accident occurred in a residential area where the posted speed limit was 30 miles per hour. The police officer who investigated the accident testified that the appellant told him she was travelling at a speed of fifty miles per hour at the time of the accident.

■ The acts of criminal negligence charged against appellant in the information were speed and failure to keep a proper lookout. The foregoing evidence was sufficient to support the jury's finding that an ordinary or reasonably prudent person in appellant's position ought to have been aware that a substantial and unjustifiable risk was created when she drove her car at an excessive rate of speed in a residential neighborhood near a bus stop at a time of the early morning when children normally would be on their way to school. Such a finding includes, by definition in § 6.03(d), a finding that the risk was of such a nature that the failure to perceive it constitutes a gross deviation from ordinary care, and the evidence set out above was sufficient to

justify the inference that appellant failed to perceive that risk.

Contrary to appellant's argument, this holding does not establish appellant's criminal negligence without evidence and only by presumption and operation of law; and it does not shift the burden of proof to appellant or require that she take the stand. When the state proved all of the facts concerning the occurrence in question, even without any of appellant's testimony, the jury was justified in inferring that she ought to have been aware that her conduct created a substantial and unjustifiable risk and in addition that she failed to perceive that risk. The evidence establishes guilt under the evidence and not by presumption and operation of law, as appellant contends. We overrule the third ground of error.

By grounds of error 4 through 12 appellant contends that the information was fatally defective for failing to allege the following:

1) voluntary engagement in any illegal conduct;

2) engagement in any act that violates a statute which provides that the act is an offense;

3) engagement in any omission that violates a statute providing such omission is an offense or which requires a duty to perform the act;

4) any specific circumstance surrounding appellant's conduct;

5) any specific result of which appellant should have been aware prior to engaging in any punishable conduct;

6) awareness of any substantial and unjustifiable risk;

7) any specific risk;

8) failure to perceive any risk;

9) and that the above failure to perceive constituted a gross deviation from the standard of care an ordinary person would exercise.

The information charged appellant with criminally negligent homicide by stating that she did unlawfully operate a motor vehicle and cause her vehicle to collide with Edwin Wayne Phillips, hereafter styled the complainant, and by criminal negligence did cause the death of the complainant, a pedestrian, by operating her vehicle at a greater rate of speed than was reasonable and prudent under the existing conditions and by failing to keep a proper lookout for pedestrians and by these acts caused her motor vehicle to collide with the complainant causing the death of the complainant.

 We hold the information alleged the act relied upon to constitute negligence with reasonable certainty and apprised the accused of the nature of the reckless act involved. The state is not required to plead the act in the exact terminology of the statute. *See Arredondo v. State,* 582 S.W.2d 457 (Tex.Crim.App.1979) and *Townsley v. State,* 538 S.W.2d 411 (Tex. Crim.App.1976). We overrule grounds 4–12.

Grounds 13 through 18 concern complaints regarding the court's charge to the jury. Grounds 13 and 15 allege respectively that the trial court erred in charging that neither accident nor contributory negligence is a defense to the offense in question.

 *Sykes v. State,* 399 S.W.2d 349 (Tex. Crim.App.1966) held that accident is no defense to negligent homicide; *Stout v. State,* 460 S.W.2d 911 (Tex.Crim.App.1970) held contributory negligence to be no defense. Accordingly, we overrule grounds 13 and 15.

Grounds 14, 16, 17, and 18 urge that the trial court erred in refusing appellant's requested charges on a lack of voluntary conduct; a charge on appellant's defensive theory and evidence that a) negligence of the deceased and/or third parties caused the event and b) such negligence could be considered in determining whether appellant had grossly deviated from the standard of care an ordinary person would have exercised; a definition of "gross" deviation; and a requested charge that the jury should acquit unless it determined the

death to be factually caused by appellant's illegal conduct.

 We agree with the trial court's refusal of appellant's requested charge on the supposed lack of voluntary conduct. Just as the court of criminal appeals did in *Dockery v. State*, 542 S.W.2d 644, 648 (Tex. Crim.App.1975), we deem appellant's actions "sufficient to indicate that [s]he ought to have been aware of the substantial and unjustifiable risk that [her] ... conduct might kill the deceased." Ground 14 is overruled.

 We also find no merit in grounds 16, 17, or 18 and overrule them. None are supported by any statute. Appellant's own attorney admitted to the trial court that the requested charge defining "gross deviation" has no support in Texas jurisprudence. The question becomes "whether the term has such a common and ordinary meaning that jurors can be fairly presumed to know and apply such meaning." *Phillips v. State*, 597 S.W.2d 929, 937 (Tex. Crim.App.1980). We hold that all of the requested charges dealt with terms the meanings of which the jurors could know and apply. The trial judge was not required to submit such charges.

 By ground 19 appellant urges this court to hold that the trial court erred in refusing to strike Clements's testimony regarding his calculation of appellant's speed from skid tests. Appellant contends Clements was not qualified to so testify. When the state prosecutor questioned Clements on direct examination about the formula employed to calculate the minimum speed, appellant made no objection. Since no objection was timely made at trial, the merits of ground 19 have not been preserved for appellate review. *See White v. State*, 629 S.W.2d 701, 705 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982). We overrule ground 19.

In the twenty-first ground of error appellant contends the evidence is not sufficient to support the conviction. Although appellant has failed to comply with Rule 418(e), we have reviewed the record and hold the evidence sufficient to support the conviction.

Appellant's conviction is affirmed.