The STATE of Texas, Appellant,

v.

Charles Wayne SONNIER, Appellee.

No. 01–88–00401–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 15, 1989.

driving a motor vehicle pulling a trailer on a public roadway, to-wit: FM–2187, at a greater speed than was reasonable and prudent under the existing conditions, to wit: a two lane roadway with an unimproved shoulder while approaching a curve and a railroad crossing with Crecencio Bravo in the bed of the vehicle, thereby losing control of the vehicle and trailer and causing the vehicle and trailer to run off the roadway, and by these acts caused Crecencio Bravo's head and an unknown object to collide, fracturing his skull, thereby causing his death.

The order granting the motion to quash set forth the following grounds: 1) the information is "vague, indefinite and incomprehensible"; 2) it does not set forth sufficient facts to constitute an offense; 3) it does not follow the statutory language; 4) it is so vague and indefinite that a judgment based on it would not bar subsequent prosecution for the same offense; 5) it does not set out any violations that would be criminal negligence; and 6) the State should be required to allege the speed the appellee was driving and the reasonable speed under the conditions.

A person commits criminally negligent homicide if he causes the death of an individual by criminal negligence. Tex.Penal Code Ann. sec. 19.07. Section 6.03 of the Texas Penal Code (Vernon 1974) provides:

A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Texas Code of Criminal Procedure Ann., article 21.15 (Vernon Supp.1989) provides:

Whenever recklessness or criminal negligence enters into or is part or element of any offense, or it is charged that the accused acted recklessly or with criminal

Daniel W. Leedy, County Atty. for Austin Co., Bellville, for appellant.

Logene L. Foster, Foster, Pope & Orsak, Sugar Land, for appellee.

Before COHEN, WARREN and O'CONNOR, JJ.

## OPINION

COHEN, Justice.

Appellee was charged with criminally negligent homicide. Tex.Penal Code Ann. sec. 19.07 (Vernon 1989). In a single point of error, the State appeals from a trial court order quashing the amended information. Tex.Code Crim.P.Ann. art. 44.01(a)(1) (Vernon Supp.1989).

The amended information alleged that appellee, on or about August 28, 1987,

did then and there by criminal negligence cause the death of an individual, ... by

negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

In *Townsley v. State*, 538 S.W.2d 411 (Tex.Crim.App.1976), an indictment for involuntary manslaughter was held sufficient when it read that defendant:

> recklessly cause[d] the death ... by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer and recklessly causing said vehicle to run off the roadway and roll over, thereby fatally injuring ... a passenger in said vehicle....

The court held that the indictment alleged the act constituting recklessness with reasonable certainty, and therefore it was sufficient. "As long as the act relied upon to constitute recklessness is *alleged* with reasonable certainty so that the accused will be informed of the nature of the reckless act of which he is accused, the State is not required to plead such act in terms of [Tex.Penal Code, sec. 6.03] defining recklessly." *Id.* at 412 (emphasis in original); *see also Crume v. State*, 658 S.W.2d 607, 609 (Tex.Crim.App.1983).

In *Thompson v. State*, 676 S.W.2d 173, 177 (Tex.App.—Houston [14th Dist.] 1984, no pet.), the court upheld an information that alleged the defendant, by criminal negligence, caused the death of a pedestrian by "operating her vehicle at a greater rate of speed than was reasonable and prudent under existing conditions and by failing to keep a proper lookout for pedestrians." The court held that the information "alleged the act relied upon to constitute negligence with reasonable certainty and apprised the accused of the nature of the reckless act involved." *Id.*

Here, as in *Townsley* and *Thompson*, the information alleged the acts constituting negligence. The information alleged: 1) appellee was driving at a greater speed than was reasonable and prudent under the circumstances; and 2) appellee lost control of the vehicle and trailer, causing them to run off the roadway. The circumstances of approaching a curve and a railroad crossing, and carrying an individual in the trailer, were also alleged. We find that the information in the instant case alleged the act of criminal negligence with "reasonable certainty," and that appellee was sufficiently informed of the nature of the negligent act of which he was accused. Therefore, it was error to quash the information.

Appellee cites *Lopez v. State*, 630 S.W.2d 936 (Tex.Crim.App.1982), in support of his position. In *Lopez*, the defendant was challenging the sufficiency of the evidence to convict him of criminally negligent homicide, not the sufficiency of the information. The court held that the State was required to "prove that appellant's disregard of the risk or his failure to perceive it constituted a gross deviation from the ordinary standard of care." *Id.* at 941. "[G]ross deviation from the ordinary standard of care" is part of the definition of criminal negligence. Tex.Penal Code sec. 6.03(d). Although in order to find appellant guilty, the State will be required to prove this at trial, the information is not insufficient for failure to allege this statutory element of criminal negligence. *Townsley v. State*, 538 S.W.2d at 412.

In oral argument, appellee also relied on *Gengnagel v. State*, 748 S.W.2d 227 (Tex. Crim.App.1988). In *Gengnagel*, the defendant was charged with indecent exposure. The information alleged that the defendant "recklessly" exposed himself to the complainant, but it alleged nothing to show how or why the defendant acted recklessly, i.e., that he knew of, but consciously disregarded a substantial risk that the complainant would be alarmed or offended. *Id.* at 228. The court held that the information was fundamentally defective because it "did not inform appellant of the nature of his alleged recklessness." *Id.* at 230. "In order to comply with Art. 21.15, ... the State must allege circumstances which indicate that appellant was aware of the risk that another person was present who

would be offended by his act of exposing himself and that appellant acted in conscious disregard of that risk." *Id.* Recklessness is an element of the offense of indecent exposure. Tex.Penal Code Ann. sec. 21.08 (Vernon 1989). Because the information in *Gengnagel* contained only a conclusory, unexplained allegation of "recklessness," and failed to allege the act or acts relied upon to constitute recklessness, it failed to meet the requirements of art. 21.15.

Here, unlike in *Gengnagel,* appellee was not charged with an offense involving recklessness; he was charged with criminally *negligent* homicide. A lesser degree of culpability is required for negligence than recklessness. *See* Tex.Penal Code sec. 6.03. Here, the State was required to allege only those circumstances that appellee *ought to have been aware* created a substantial and unjustifiable risk, not that appellee was actually aware of the risk. Sec. 6.03(d). We hold that the information here adequately alleged both the circumstances that appellant ought to have been aware created a substantial and unjustifiable risk, and the negligent acts of which appellant was accused.

Appellee also argues that the trial court properly quashed the indictment because it did not allege the speed limit or the reasonable and prudent speed under the circumstances. In support of his argument he cites Tex.Rev.Civ.Stat.Ann. art. 6701d, sec. 171 (Vernon 1977), which provides: "In every charge of violation of any speed regulation in this Act, the complaint, also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the maximum or minimum speed limit applicable within the district or at the location."

Appellant has not been charged with a violation of any speed regulation. Therefore, art. 6701d, sec. 171 is inapplicable. Appellee cites no cases that hold that the speed of a vehicle must be alleged in an information charging a defendant with criminally negligent homicide, and we have found none. In view of the authorities cited above, we reject appellee's contention that the State must allege the speed at which appellee drove his vehicle.

Finally, the detail stated in the information is more than sufficient for it to serve as a bar to further prosecution. Appellee cites no cases to the contrary, nor any cases holding a charging instrument defective on these grounds.

The State's sole point of error is sustained.

The order quashing the amended information is reversed. The cause is remanded to the county court.