**Brian Michael BARTHOLOMEW,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00727–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 18, 1992.

Discretionary Review Granted
Oct. 14, 1992.

**476**

Dean J. Johnson, Houston, for appellant.

Karen A. Clark, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Brian M. Bartholomew, appeals his judgment of conviction for the misdemeanor offense of reckless driving. TEX.REV.CIV.STAT.ANN. art. 6701d, § 51(a) (Vernon 1977). The jury rejected appellant's not guilty plea and the Court assessed punishment at 30 days confinement in the Harris County Jail and a fine of $200.00. We affirm.

On February 14, 1991, Linda Smith was driving south on Post Oak when she saw two vehicles, a red Pontiac Firebird and a black Porsche, traveling at a high rate of speed. She believed the drivers were rac-ing. Appellant was driving the black Porsche. The other driver was driving the red Pontiac Firebird. Appellant's Porsche accelerated to pass Smith, and when the Pontiac was directly behind Smith, she pulled over to allow the Pontiac to pass. The Porsche was in the right lane and the Firebird was in the opposite lane. The cars sideswiped a third vehicle, a blue car, and then split up. The driver of the Pontiac lost control of his car. He crossed onto the on coming lane and hit another car which caused him to hit the curb of the street and become airborne. The Pontiac then hit a pole and turned over, resulting in its driver's death.

In points of error one and two, appellant contends the trial court erred in denying his motion to quash for (1) failure to state the posted speed limit and alleged speed appellant was traveling, and (2) failure to inform appellant who he was racing with. The Court of Criminal Appeals has made clear that article I, section 10 of our state constitution requires that the charging instrument convey adequate notice from which the accused may prepare his defense. *State v. Carter*, 810 S.W.2d 197, 199 (Tex.Crim.App.1991) (citation omitted). A motion to quash must be granted if the language in the charging instrument concerning the defendant's conduct is so vague or indefinite as to deny him ineffective notice of the *behavior* in which he allegedly engaged. *Id.* Generally, a charging instrument that tracks the language of a penal statute is legally sufficient to inform the accused of the nature of the charges against him. *Giddings v. State*, 816 S.W.2d 538, 541 (Tex.App.—Dallas 1991, pet. ref'd) (citation omitted). An exception to this general rule occurs when the statutorily defined offense provides for more than one manner or means to commit the act. *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Crim.App.1981). In such a case, the State must allege the particular manner or means it seeks to establish. *Id.* Appellant was charged with reckless driving. The statute regarding this offense reads:

Any person who drives any vehicle in willful or wanton disregard for the safe-

ty of persons or property is guilty of reckless driving.

TEX.REV.CIV.STAT.ANN. art. 6701d § 51(a) (Vernon 1977).

The information in the present case read as follows:

"... in wilful [sic] and wanton disregard for the safety of persons and property, recklessly drive an automobile upon a public highway by EXCEEDING THE POSTED SPEED LIMIT AND ENGAGING IN A RACE WITH ANOTHER VEHICLE.

In conformance with the general rule on indictments, this information tracks the statute, and, in addition, alleges the manner and means by which appellant engaged in the offense of reckless driving, that is, exceeding the posted speed limit and engaging in a race with another vehicle. The information contains all the essential elements of the offense of reckless driving that the State is required to prove under article 6701d, section 51(a).

■ Appellant contends that the information is vague or indefinite in failing to state the speed posted and the speed appellant was going. Appellant cites to TEX. REV.CIV.STAT.ANN. art. 6701d § 171(a) (Vernon 1977) for the proposition that, since the State alleged appellant had committed the offense of reckless driving by exceeding the posted speed limit, the State was required to specify the speed at which appellant allegedly drove and the posted maximum speed at the location of the offense. Nevertheless, section 171(a) only requires the State to specify the speed in cases where the *violation of a speed regulation* exists. In the present case, appellant was charged with reckless driving not with a speeding violation. Therefore, this section was inapplicable to the information in the present case.

■ We note that TEX.CODE CRIM.PROC. ANN. art. 21.15 (Vernon 1989) provides that whenever recklessness is part of any offense for which the accused is charged, the information in order to be sufficient must allege, "with reasonable certainty, the act or acts relied upon to constitute reckless-

ness ... and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly...." In the present case, the State alleged the acts relied on to constitute recklessness, that is exceeding the posted speed and racing with another driver. Similar argument to the one appellant is making was made in *State v. Sonnier*, 773 S.W.2d 60, 63 (Tex.App.—Houston [1st Dist.] 1989, no pet.), and rejected. In *Sonnier*, appellant was charged with criminally negligent homicide and as part of the circumstances supporting that claim the information stated that *Sonnier* was traveling at a greater speed than was reasonable and prudent under the existing conditions but did not state the actual speed. Sonnier argued, as appellant in the present case, that section 171 requires that the speed be specified and the speed limit at the location. That argument was rejected because no cases exist to support the claim that when an appellant is charged with a offense other than speed regulation that the speed must be included in the information. We hold that the acts relied upon to constitute recklessness as alleged informed appellant of the nature of the reckless act and the State was not required to plead further factual information. The test in considering a motion to quash is whether the face of the instrument sets forth in plain intelligible language sufficient information to enable the accused to prepare his defense. *Jeffers v. State*, 646 S.W.2d 185, 187 (Tex.Crim. App.1981) (citation omitted). We find that the speed appellant was traveling and the posted speed need not appear in the indictment, as these facts were not essential to giving appellant notice of what the State was charging him with. Point of error one is overruled.

Appellant argues in his second point of error that the information needed to state whom he was racing against to adequately prepare his defense. Appellant correctly states that the information must be examined on its face and in the light of presumption of innocence. *Turner v. State*, 684 S.W.2d 38, 45 (Tex.Crim.App.1985). Nevertheless, we disagree with appellant that the face of the information failed to provide

him with the adequate notice when it did not state who appellant raced with. Appellant was clearly on notice that his recklessness was based on an act of speeding and racing with another driver and the additional evidentiary information regarding who he was racing with was not essential to that notice. *See May v. State*, 618 S.W.2d 333, 341 (Tex.Crim.App.1981) (where indictment for capital murder alleged May caused the death of another for remuneration but did not specify any more details about the remuneration was sufficient indictment, not requiring additional facts); *cf. Jeffers v. State*, 646 S.W.2d 185 (Tex. Crim.App.1981) (indictment defective where *manners and means* not specified in indictment after motion to quash regarding convictions for gambling promotion). We find that the information was sufficient in the present case to allow appellant to adequately prepare his defense. Appellant's point of error two is overruled.

■■■ In point of error three, appellant contends that the trial court erred in denying appellant's objections to testimony as to the death of the driver of the other vehicle. The objection made by the appellant's trial counsel was, "Objection. There is no pleading whatsoever about anything that happened in the accident in our case." Appellant argues on appeal that the information regarding the other driver should not have been admitted because it was an extraneous offense and improper since the accused was not tried for the death of the other driver. This argument on appeal does not comport with appellant's argument at trial. The Court of Criminal Appeals has made it clear that if a complaint on appeal does not comport with the arguments at trial, appellant's argument has been waived. *Jones v. State*, 833 S.W.2d 118 (Tex.Crim.App.1992) *(citing Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990)). Nevertheless, even if appellant made a sufficient objection to apprise the trial court of appellant's objection to the evidence, *the evidence of the death of the other driver was admissible to inform the jury of the context in which the criminal act occurred. See Lincecum v. State*, 736

S.W.2d 673, 681 (Tex.Crim.App.1987) ("jury has a right to hear what occurred immediately prior to and subsequent to the commission of the act so that they may realistically evaluate the evidence.") (quoting *Archer v. State*, 607 S.W.2d 539, 542 (Tex. Crim.App.1980); *Mann v. State*, 718 S.W.2d 741, 744 (Tex.Crim.App.1986). Point of error three is overruled.

■ In point of error four, appellant contends the trial court erred when it charged the jury on the offense of reckless driving without including a charge on the lesser included offenses of speeding and racing, after the trial court granted appellant's objection to their noninclusion. Appellant bears the burden of demonstrating not only the existence of error, but also the harmfulness of error. Any error in the charge, over timely objection in the trial court, requires reversal if such error is "calculated to injure the rights of the defendant," which means no more than there must be some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g); TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). A properly preserved error, therefore, will call for a reversal as long as the error is not harmless. *Almanza*, 686 S.W.2d at 171. In making this determination, "the actual degree of harm must be assayed in the light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

The first step in our appellate review requires us to determine whether it was error for the trial court to refuse to charge the jury on speeding and racing as lesser included offenses. A charge on a lesser included offense must be submitted if: (1) the lesser included offense must be included within the proof necessary to establish the offense charged; and (2) there is some evidence in the record that if the defendant is guilty, he is guilt of only the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (opinion on reh'g). Before reaching this *Royster* test, how-

ever, we note that it must be determined if racing and speeding were lesser included offenses. TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981) sets out the requirements for a lesser included offense:

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission;

(3) It differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) It consists of an attempt to commit the offense charged or an otherwise included offense.

Section 37.09(3) clearly indicates that to be a lesser included offense it must differ from the offense charged *only* in the respect that a less culpable mental state suffices to establish its commission. We note that reckless driving does not differ from speeding and racing *only* with respect to the culpable mental state. See TEX.REV. CIV.STAT.ANN. art. 6701d, secs. 51(a), 166(a), and 185(a) (Vernon 1977). We also note pursuant to section 37.09(1), that the offenses of racing and speeding would not necessarily be established by proof of the same or less than all the facts required to establish the commission of reckless driving. Appellant cites no authority to support the proposition that these were lesser included offenses of the charged offense. Just because speeding and racing were the evidentiary means by which the State chose to prove recklessness does not mean they were lesser included offenses of the charged offense. Because these were not lesser included offenses of the charged offense, they were not required to be submitted. *See Royster*, 622 S.W.2d at 446. Appellant's point of error four is overruled.

In point of error five, appellant contends his counsel at trial denied him effective assistance of counsel as provided by the Sixth Amendment to the United States Constitution and article I, section 10 and 19 of the Texas Constitution. Specifically, appellant asserts his trial counsel was ineffective in (1) failing to obtain a charge on the offenses of speeding and racing; (2) failing to obtain instructions on the posted speed limit; (3) failing to include the definition of "engaging in a race" pursuant to the definitions of "racing" and "drag racing" found in TEX.REV.CIV.STAT.ANN. art. 6701d, sec. 185(b) and (c); (4) failure to object to the prosecutor's reference in closing argument to the deceased other driver involved in the incident. To prevail in a claim of ineffective assistance of counsel during the guilt or innocence phase of trial, appellant must prove (1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense. *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim.App.1986) (adopted standing in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In assessing an alleged deficiency, this court will determine, in light of all the circumstances, whether it was "outside the range of professional competent assistance." *Washington v. State*, 771 S.W.2d 537, 545 (Tex.Crim.App.1989), *cert. denied*, 492 U.S. 912, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989). If so, we then decide whether there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. *Id.* It is a reasonable probability if the probability is sufficient to undermine confidence in the outcome. *Id.*

As to appellant's first argument concerning his trial counsel's failure to obtain charges on the offenses of speeding and racing, we have already discussed in addressing appellant's point of error four that these were not lesser included offenses which should have been included in the charge. Appellant claims that once the trial court sustained counsel's objection to include these charges, counsel should have followed up and persuaded the court to modify the charge and then present correctly worded charges. Nevertheless, since these charges should not have been submitted as lesser included offenses, it cannot be said to be error for appellant's

trial counsel to fail to continue on and obtain requested charges on these offenses.

Appellant next points to his trial counsel's failure to obtain instructions on the posted speed limit. Appellant relies once again on Tex.Rev.Civ.Stat.Ann. art. 6701d, sec. 171(a) (Vernon 1977) for the proposition that when a defendant is charged with violation of a speed regulation, that the speed applicable within the district or location should be given. As discussed previously, the offense appellant was charged with was reckless driving, not violation of a speed regulation, therefore, the requirements of sec. 171(a) are inapplicable. The State was not required to prove the elements of the offense of speeding to prove its case for reckless driving. Appellant's trial counsel cannot be said to be deficient for choosing not to submit a written instruction on the posted speed limit.

■ Appellant argues that the definitions of "drag race" and "racing" found in Tex.Rev.Civ.Stat.Ann. art. 6701d, sec. 185 should have been included in defining the offense of reckless driving. This argument fails, because proof of the offense of racing was not required in the State's case for reckless driving. The term "racing" included in the charge has a common and ordinary meaning that jurors can be fairly presumed to know and apply that meaning. Where terms used are words simple in themselves, and are used in their ordinary meaning, jurors are supposed to know such common meaning, and, under such circumstances, such common words do not need to be defined in the jury charge. *King v. State*, 553 S.W.2d 105, 107 (Tex.Crim.App. 1977) (citation omitted). We hold that failure to include a definition of racing was not error and, therefore, appellant's trial counsel's performance was not deficient.

■ Appellant next claims that his counsel was ineffective in failing to object during the State's final argument to the use of the term "deceased." As previously discussed in point of error three, the evidence of the other driver's death was admissible during the trial. The prosecutor's use of the term "deceased" to refer to the

person killed was permissible argument because it was a summation of the evidence presented at trial. *See Whiting v. State*, 797 S.W.2d 45, 48 (Tex.Crim.App.1990). Also, appellant's counsel did object to the prosecutor's reference to the deceased after the first few references. The court overruled the objection, but the judge and prosecutor clarified for the jury what the impact of this evidence should be:

[THE COURT]: Jurors, you heard the evidence. You decide what is the evidence and what is not the evidence. Let me say to you at this time, the attorneys have a right to tell you what they think the evidence is. You folks are the exclusive judges of what is the evidence and what is not the evidence. Although at this time the attorneys can make logical deductions from that evidence, but you folks, again, are the judges of the evidence.

Go ahead.

[THE STATE]: I'm not saying that the defendant caused his death. I'm saying his conduct showed a willful disregard for—it takes two cars to race. You don't race by yourself. It's contested speed. It takes two to tango.

In this case this defendant's actions—driving side by side 60 miles per hour down South Willow, 8:45 in the morning, there's businesses and people—this is a willful and wanton disregard of the safety of property and people.

I thinked [sic.] the evidence clearly shows by all the testimony of the witnesses beyond a reasonable doubt that the defendant engaged in the conduct that we have alleged.

■ Also, appellant argues that counsel, when he objected in this instance, failed to direct the court to the applicable rule of Criminal Evidence that would apply, thereby preserving error. Nevertheless, appellant fails to allege the evidentiary rule to which his counsel allegedly should have directed the court to in order to preserve error. A brief which is conclusory only and cites no authority presents nothing for review. *Cureton v. State*, 800 S.W.2d 259

(Tex.App.—Houston [14th Dist.] 1990, no pet.).

We find that, a review of appellant's trial counsel's performance in its totality reveals that his counsel's performance was not deficient and appellant's defense was not prejudiced by his attorney's performance. His counsel filed numerous pretrial motions, argued these motions vigorously before the court, he made numerous objections during the State's examination of witnesses, he cross-examined all the State's witnesses, he asserted objections and suggestions to the court's charge, he made final argument to the jury and accurately summarized the evidence in light of their defense. Appellant's fifth point of error is overruled.

Accordingly the judgment of the trial court is affirmed.