Ernest Elmer **CRUME, Jr.**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 62626.

Court of Criminal Appeals of Texas, En Banc.

Oct. 19, 1983.

Rehearing Denied Jan. 4, 1984.

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Douglas M. O'Brien, Paul Schiffer and Ken Magidson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an appeal from a conviction for involuntary manslaughter, V.T.C.A. Penal Code, Sec. 19.05.[1] The trial court assessed punishment at six years confinement in the Texas Department of Corrections. The appellant in three grounds of error contends that the indictment is fundamentally defective. We disagree and affirm.

The appellant specifically contends that the indictment is fundamentally defective because: it fails to enumerate the specific acts of 'accident and mistake' upon which it relied for conviction; it merely alleges two acts of simple negligence in support of the legal conclusion that appellant acted reck-

lessly; and it combines allegations that appellant committed a felony offense, a misdemeanor offense, or no offense at all. The appellant does not challenge the sufficiency of the evidence to support the conviction.

The indictment alleges that the appellant:

"Did then and there unlawfully commit an offense hereafter styled the primary offense in that he did while intoxicated operate a motor vehicle and by accident and mistake cause his vehicle to collide with John Oliver Smith, hereafter styled the Complainant, causing the death of the Complainant by reason of the intoxication of the Defendant, and the Defendant did cause his vehicle to collide with the Complainant recklessly causing the death of the Complainant, by failing to guide his vehicle away from the Complainant and by failing to keep a lookout for the Complainant."

The appellant's first ground of error, contending that the failure to enumerate the specific acts of "accident" and "mistake" rendered the indictment fundamentally defective, is without merit. The terms "accident" and "mistake" refer to the state of mind[2] of the appellant and do not require any "enumeration" or other description.[3] See *Daniel v. State,* 577 S.W.2d 331 (Tex.Cr. App.1979).

The appellant's next contention, that the allegation of "two purported acts of negligence" insufficiently alleges that the appellant recklessly caused the victim's death, is likewise without merit. The pertinent part of the indictment alleged that the appellant caused his vehicle to collide with

---

1. V.T.C.A. Penal Code, Sec. 19.05, provides as follows:
   "(a) A person commits an offense if he:
   "(1) recklessly causes the death of an individual; or
   "(2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.
   "(b) For purposes of this section, 'intoxication' means that the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body.

   "(c) An offense under this section is a felony of the third degree."

2. The "state of mind" herein referred to is not to be confused with the culpable mental states referred to in V.T.C.A. Penal Code, Secs. 6.02 and 6.03.

3. The words "mistake" and "accident" as used in the statute mean "unintentional" and are often used in connection with each other and are interchangeable. See *Thomason v. State,* 388 S.W.2d 700 (Tex.Cr.App.1964).

the complainant by failing to guide his vehicle away from the complainant, thereby recklessly causing the complainant's death. This adequately informed the appellant of the nature of the reckless act of which he was accused. See *Arredondo v. State,* 582 S.W.2d 457 (Tex.Cr.App.1979); *Townsley v. State,* 538 S.W.2d 411 (Tex.Cr.App.1976).

■ The question we are faced with, however, is whether the acts of failing to guide his vehicle away from the complainant and failing to keep a lookout for the complainant constitute recklessness. V.T. C.A. Penal Code, Sec. 6.03, provides that:

"A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's viewpoint."

It is the appellant's disregard of the risk of a resulting death which must rise to the level of a "gross deviation" from an ordinary standard of conduct. See *Graham & Utecht v. State,* 657 S.W.2d 99 (Tex.Cr. App.1983). The acts of failing to guide his vehicle away from the complainant and failing to keep a lookout for the complainant, when coupled with the disregard of the risk of death, are clearly a gross deviation from the standard of care an ordinary person would exercise. The allegations of these acts thereby sufficiently allege the manner in which the appellant recklessly caused the death of the complainant. See *Townsley,* supra, at p. 412.

■ The appellant contends that the indictment allows the State to prove that the

appellant caused the death of the complainant by recklessness, criminal negligence or simple negligence. Article 21.15, V.A.C. C.P., requires that:

"Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence."

In *Graham & Utecht v. State,* supra, this Court held that:

"In order to give full effect to Article 21.15, supra, that provision must be read to require that a sufficient instrument 'must allege with reasonable certainty the act or acts relied upon to constitute [the forbidden conduct committed with] recklessness or criminal negligence.'

" * * *

"It follows then, that it is indeed permissible for the State to allege and prove identical acts—'conduct'—for both involuntary manslaughter and criminally negligent homicide, for the *only* distinction between the two is the 'required culpability' elements of each offense; by definition, this makes the latter a lesser offense included in the former. Article 37.09(3), V.A.C.C.P."

■ We find it untenable to say that the indictment charged both a felony and a misdemeanor when it patently alleges "recklessness."[4] Moreover, the court's charge to the jury included the lesser offense of criminally negligent homicide, yet the jury found the appellant's acts consti-

---

4. The indictment clearly does allege the two methods of committing involuntary manslaughter pursuant to Penal Code, Sec. 19.05, V.T. C.A. When an offense may be committed in two ways, however, the State may allege both ways in the conjunctive. *Vaughn v. State,* 634 S.W.2d 310 (Tex.Cr.App.1982) and *Sidney v. State,* 560 S.W.2d 679 (Tex.Cr.App.1978).

tuted recklessness, as alleged.[5] This ground of error is overruled.[6]

The judgment of the trial court is affirmed.

TEAGUE, Judge, dissenting.

Ernest Elmer Crume, Jr., appellant, was convicted by a jury of committing the offense of involuntary manslaughter. The trial court assessed punishment at six years' confinement in the penitentiary.

The majority erroneously holds that part of the indictment under which appellant was charged was not void. I dissent.

Art. 21.15, V.A.C.C.P., expressly states in part: "Whenever recklessness . . . enters into or is a part or element of any offense, or it is charged that the accused acted recklessly . . . in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness . . . , and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly."

V.T.C.A., Penal Code, Sec. 6.03(c) expressly provides: "A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

The indictment in pertinent part alleges that appellant, "on or about June 7, 1977, did then and there unlawfully commit an offense hereafter styled the primary offense in that he did while intoxicated operate a motor vehicle and by accident and mistake cause his vehicle to collide with

John Oliver Smith, hereafter styled the Complainant, causing the death of the Complainant by reason of the intoxication of the Defendant, *and the Defendant did cause his vehicle to collide with the Complainant, recklessly causing the death of the Complainant, by failing to guide his vehicle away from the Complainant and by failing to keep a lookout for the Complainant.*" [Emphasis Added].

By comparing the allegations of the indictment with the provisions of V.T.C.A., Penal Code, Sec. 19.05, it is easily seen that the prosecution was attempting to allege in the indictment both ways that a person can commit the offense of involuntary manslaughter. I am concerned only with the above underlined part of the indictment.

The majority erroneously holds that the second part of the indictment, which attempts to allege acts of "recklessness," "adequately informed the appellant of the nature of the reckless acts of which he was accused," and further erroneously holds that "the acts of failing to guide his vehicle away from the complainant and failing to keep a lookout for the complainant constitute recklessness." This enables it to conclude, erroneously, that the above emphasized part of the indictment is not void.

The majority's reliance upon *Graham and Utecht v. State,* 657 S.W.2d 99 (Tex.Cr. App.1983), is sorely misplaced, if for no other reason than the offense alleged in that cause was criminally negligent homicide and not involuntary manslaughter, as here.

I also observe that the allegations in the indictment in this cause, "failing to guide his vehicle away" and "failing to keep a lookout," are statements that the appellant breached a legal duty by failing to act or by failing to take some course of action, by not guiding his vehicle away from the complainant or by not keeping a proper lookout for the complainant. Obviously, these are

---

**5.** No objection was lodged by the appellant to the court's charge to the jury. S.F. p. 190.

**6.** Although we find no fundamental defect or otherwise reversible error in the indictment, we

nevertheless must note that we do not encourage an indictment drafted in this manner and style.

statements of omission and not statements of affirmative facts which would reflect acts of commission, or gross negligence. They do not, by any stretch of the imagination, state acts which would constitute gross negligence, a necessary element of involuntary manslaughter.

As noted, Art. 21.15, supra, specifically states that whenever recklessness is a part or element of any criminal offense, the charging instrument "must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness ..." See and compare *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981). If the charging instrument fails to allege the act or acts relied upon to show that the accused acted recklessly, the accused may complain at trial or on appeal of lack of sufficient notice. *Thomas,* Id.

The test for deciding the sufficiency of an indictment is to determine whether under the applicable law it states an offense. In making this determination, this Court is bound by the allegations of the indictment and may not review the facts of the case in making this determination. See *Jeffers v. State,* 646 S.W.2d 185, 189 (Tex. Cr.App.1983).

After carefully reading the majority opinion, it is apparent to me, if no one else, that the majority refuses to acknowledge the distinction between conscious and inattentive risk creation. However, "reckless" conduct, by its very definition, involves *conscious,* and not inattentive risk creation. *Lewis v. State,* 529 S.W.2d 550, 553 (Tex.Cr. App.1975). Also see *Aliff v. State,* 627 S.W.2d 166 (Tex.Cr.App.1982).

It is, of course, axiomatic that a motorist cannot close his eyes to that which is plainly visible and which would have been observed by a person of ordinary prudence similarly situated. See the cases collated in Vol. 5A, *Texas Digest,* under Automobiles key 150. Thus, failing to guide one's vehicle away from another's vehicle or a pedestrian who is in plain view, or failing to keep a proper lookout for other motor vehicles or pedestrians when driving one's vehicle, and by such omission a collision occurs, is most certainly negligence *per se,* and may be gross negligence, depending upon the facts. However, merely alleging acts of omission can never constitute in criminal law the equivalent of alleging acts of gross negligence. E.g. *Bowman v. Puckett,* 144 Tex. 125, 188 S.W.2d 571 (Tex.Sup.1945).

"Gross negligence" reflects positive or affirmative action, rather than merely passive action as ordinary negligence often, and perhaps usually is. *Texas Pac. Coal & Oil Co. v. Robertson,* 125 Tex. 4, 79 S.W.2d 830, 813 (Tex.Sup.Ct.1935). It is the "vituperative epithet" that may be attached to ordinary negligence.

To put it another way: Gross negligence is positive and affirmative, rather than merely passive or negative as ordinary negligence frequently is; and it connotes a conscious indifference to the safety of others. The negligent act is committed in such manner as to amount to wilfulness, or to be so gross as to indicate wantonness, recklessness, or malice. *Helms v. Universal Atlas Cement Co.,* 202 F.2d 421 (5th Cir.1953), cert. denied, 346 U.S. 858, 74 S.Ct. 74, 98 L.Ed. 372. In short, it is such affirmative, wanton, heedless, and reckless misconduct that it indicates conscious indifference to the consequences.

In *Rogers v. Blake,* 150 Tex. 373, 240 S.W.2d 1001, 1003 (1951), the Supreme Court of Texas made the following observation, which I find pertinent to what is wrong with the majority opinion:

Mere indifference is not enough [to establish gross negligence]. The indifference must be conscious. The indifference is to the rights or welfare of the person or persons who may be affected by the act of omission. Thus the doctrine of foreseeableness becomes important.

Thus, in order to allege that an act was recklessly done, it is incumbent upon the prosecution to allege facts which, at least inferentially, reflect that the accused committed some act that he knew was dangerous, yet disregarded the risk he was taking, causing the death of another individual.

The above allegations of the indictment, that appellant caused his vehicle to collide with the victim, and thereby recklessly caused the death of the victim, because he could have averted the collision had he not been intoxicated *and* guided his vehicle away from the victim, or could have averted the collision by not being intoxicated *and* kept a lookout for the victim prior to the collision, do not allege any awareness on the part of appellant. Such only alleges unawareness or inattention. Unquestionably, such allegations are sufficient to allege the commission of the offense of criminally negligent homicide, but such allegations are insufficient to allege that appellant acted recklessly.

I observe that the majority has also relied upon this Court's decisions of *Arredondo v. State,* 582 S.W.2d 457 (Tex.Cr.App.1979); *Townsley v. State,* 538 S.W.2d 411 (Tex.Cr. App.1976). However, its reliance is sorely misplaced because those cases are inapposite to the facts of this cause.

In *Townsley,* supra, the prosecution plead that the defendant *"drove a motor vehicle at an excessive rate of speed while attempting to elude a police officer."* Clearly this alleged an affirmative or conscious act. In *Arredondo,* supra, it was alleged that the defendant *"grabbed the steering wheel of a motor vehicle and pulled it to the right."* Clearly this alleged an affirmative or conscious act.

However, the allegations of omission in this cause, which do not by any stretch of the imagination allege affirmative or conscious acts, are more akin to those found in such cases as *Jones v. State,* 388 S.W.2d 716 (Tex.Cr.App.1965); *Short v. State,* 387 S.W.2d 50 (Tex.Cr.App.1965); *Scott v. State,* 171 Tex.Cr.R. 53, 344 S.W.2d 457 (1961). *Jones, Short,* and *Scott,* not *Arredondo* and *Townsley,* should control the disposition of this cause.

The jury's verdict finding appellant guilty is a general verdict, in that it does not specify whether they found appellant guilty under the first or second part or both parts of the paragraph of the indictment. The jury may have thus conditioned its

verdict upon the defective portion of the indictment. The judgment of conviction should be reversed, and not affirmed.

To the action of the majority affirming the conviction, I respectfully dissent.