Ronald Melvin GENGNAGEL,
Appellant,

v.

The STATE of Texas, Appellee.

No. 694–86.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 10, 1988.
Rehearing Denied April 13, 1988.

Ronald Melvin Gengnagel pro se.

John Vance, Dist. Atty. and Donald G. Davis, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of the offense of indecent exposure. V.T.C.A., Penal Code, Sec. 21.08. Punishment was assessed by the jury at a $1000 fine which was probated. On appeal to the Dallas Court of Appeals, appellant's conviction was reversed and the information was dismissed. R_____ M_____ G_____ v. State, 711 S.W.2d 397 (Tex.App.—Dallas 1986). We granted the State's petition for discretionary review to determine the correctness of the Court of Appeals' dual holding that the information was fundamentally defective and that the trial court erred in denying appellant an opportunity to cross-examine a State's witness as to matters affecting that witness' credibility. We agree with the Court of Appeals that the information was fundamentally defective

and affirm the dismissal of the information.[1]

Appellant was charged by information with the offense of indecent exposure. The information alleged, in pertinent part, that appellant:

> "did then and there expose to Kenneth Gore, his genitals with intent to arouse and gratify the sexual desire of the defendant, and the said defendant did so recklessly and in conscious disregard of whether another person was present who would be offended and alarmed by such act, to-wit: exposition of his genitals by the defendant to complainant."

The appellant contended on appeal, and the Court of Appeals agreed, that the information was fundamentally defective for failure to allege with reasonable certainty the acts relied upon to constitute recklessness. See Art. 21.15, V.A.C.C.P. Appellant did not challenge the information by a motion to quash at trial. The State argues in its petition that the Court of Appeals erred in finding the information fundamentally defective since the alleged defect is a matter of form which must be challenged by a motion to quash and which cannot be raised for the first time on appeal. The Court of Appeals relied on *Brown v. State*, 558 S.W. 2d 471 (Tex.Cr.App.1977), in finding the information fundamentally defective. The State contends that the *Brown* decision conflicts with our holding in *Graham v. State*, 657 S.W.2d 99 (Tex.Cr.App.1983).

This Court held in *Graham*, supra, that failure of a charging instrument to allege with reasonable certainty the act or acts relied upon to constitute the forbidden conduct committed with recklessness gives the accused grounds to complain before trial of inadequate "notice." The notice complaint goes to the failure to allege with *reasonable certainty* the acts relied upon to constitute recklessness and not to the failure to allege the acts themselves. *Graham*, supra, at 104, (emphasis added). Such a notice defect in a charging instrument is a matter of form and it must be raised in a timely manner or be waived.

---

1. Because of our disposition of the State's first ground for review, we do not address the State's claim that the Court of Appeals erred in finding the trial court erred in denying appellant the opportunity to cross-examine a State's witness as to his bias.

*American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). Thus, the State is correct that this ground may not be raised for the first time on appeal, but that is not appellant's contention.

■ Appellant contends that the information failed to allege the *acts* relied upon by the State to demonstrate his recklessness and that the information was therefore fundamentally defective under Art. 21.15, supra. Article 21.15, supra, provides:

Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment *in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness* or criminal negligence, and *in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly* or with criminal negligence. (emphasis supplied).

Since recklessness is an element of the offense of indecent exposure, see Penal Code Sec. 21.08, and the allegation of the acts relied upon to constitute recklessness is necessary for a valid charging instrument, see Art. 21.15, supra, appellant challenges the substance of the instant information because it does not meet these requirements. This challenge may be raised for the first time on appeal. *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr.App.1975).

Since we have determined that appellant may raise this issue for the first time on appeal, we now address the State's claim that the Court of Appeals erred in finding the information fundamentally defective.

In *Townsley v. State*, 538 S.W.2d 411 (Tex.Cr.App.1976), this Court clearly defined the pleading requirements of Art. 21.15, supra. The *Townsley* decision reviewed our prior decisions interpreting Art. 21.15, supra, in criminal negligence cases. See *Scott v. State*, 344 S.W.2d 457 (Tex.Cr. App.1961); *Short v. State*, 387 S.W.2d 50 (Tex.Cr.App.1965); and *Jones v. State*, 388 S.W.2d 716 (Tex.Cr.App.1965). Each of the charging instruments in *Scott*, supra, *Short*, supra, and *Jones*, supra, purported to allege the offense of assault with a motor vehicle. Each of these charging instruments merely alleged that the defendant acted negligently by colliding with and causing injury to the victim. We found each of the charging instruments to be fundamentally defective for failing to allege the acts relied upon to constitute criminal negligence. We applied the reasoning in these cases to our decision in *Townsley*, supra.

The defendant in *Townsley*, supra, was convicted of involuntary manslaughter. The indictment alleged in pertinent part that the defendant:

"did then and there recklessly cause the death of Luther Eugene Stark by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer and recklessly causing said vehicle to run off the roadway and roll over, thereby fatally injuring the said Luther Eugene Stark, who was a passenger in said vehicle...."

We found the *Townsley* indictment met the pleading requirements of Art. 21.15, supra. The indictment alleged with reasonable certainty the act relied upon to constitute recklessness: the said act being "by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer, and recklessly causing said vehicle to roll over...." This allegation was sufficient to inform the defendant "of the nature of the reckless act of which he is accused" and thereby conformed with the requirements of Art. 21.15, supra. Thus, *Townsley*, supra, requires that the indictment or information allege the circumstances of the act which indicate that the defendant acted in a reckless manner.

In *Arredondo v. State*, 582 S.W.2d 457 (Tex.Cr.App.1979), and *Crume v. State*, 658 S.W.2d 607 (Tex.Cr.App.1983), we relied on *Townsley*, supra, to find the charging instruments sufficient under 21.15, supra. The *Arredondo* indictment alleged the act of "grabbing the steering wheel of a motor vehicle and pulling said steering wheel to the right ... causing said motor vehicle to veer to the right and strike the [vic-

tim]...." We stated that although this indictment was not as artfully drafted as the *Townsley* indictment, it alleged why the act of the defendant was reckless and, therefore, alleged with reasonable certainty the act relied upon to constitute recklessness. See *Arredondo*, supra at 458–459. Similarly in *Crume*, supra, the pertinent part of that indictment alleged that the defendant caused his vehicle to collide with the victim by failing to guide his vehicle away from the victim, thereby recklessly causing the victim's death. We held this allegation adequately informed the defendant of the nature of the reckless act of which he was accused. *Crume*, supra at 609.

We find that the information in the present cause did not inform appellant of the nature of his alleged recklessness. Although the information alleged that appellant exposed himself to another person, Kenneth Gore, the information does not allege any act or circumstances which would show that this exposition was done in a reckless manner, as required by Art. 21.15, supra. In order to comply with Art. 21.15, supra, the State must allege circumstances which indicate that appellant was aware of the risk that another person was present who would be offended by his act of exposing himself and that appellant acted in conscious disregard of that risk.[2] See Sec. 21.08, supra.

We, therefore, find that the information in this cause is fundamentally defective for failing to allege with reasonable certainty the act relied upon by the State to show that appellant acted recklessly. The State's first ground for review is overruled.

Accordingly, the judgment of the Court of Appeals reversing the judgment of the trial court and dismissing the information is affirmed.

McCORMICK, J., dissents.

---

**2.** We note that the State's evidence, presented in its case-in-chief, was to the effect that appellant exposed himself *after* seeing Kenneth Gore approach him in a public park.