**Roman Espinoza VASQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–99–00215–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 15, 1999.

Christopher J. Gale, Gale, Wilson & Sanchez, P.L.L.C., San Antonio, for appellant.

Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before HARDBERGER, Chief Justice and LOPEZ, and ANGELINI, Justices.

**OPINION ON APPELLEE'S MOTION FOR REHEARING**

ANGELINI, Justice.

We grant the State's motion for rehearing. Our opinion and judgment of September 10, 1999 are withdrawn, and the following opinion and judgment are substituted.

**Nature of the case**

A jury found that Roman Espinoza Vasquez committed the misdemeanor offense of indecent exposure and assessed punishment at 180 days confinement and a $500 fine. The jury also recommended that the jail time be probated. The trial court sentenced Vasquez to eleven months of community supervision. On appeal, Vasquez alleges that the court erred by overruling his pre-trial motion to set aside the information.

**Motion to set aside**

Vasquez argues that the trial court erred in denying his motion to set aside the information because it was fatally defective for failure to allege any acts constituting recklessness. A person commits the offense of indecent exposure: (1) if he exposes his anus or any part of his genitals; (2) with the intent to arouse or gratify the sexual desire of any person; and (3) he is reckless about whether another is present who will be offended or alarmed by his act. TEX.PEN.CODE ANN. § 21.08(a) (Vernon 1994). Article 21.15 of the Code of Criminal Procedure provides:

> Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied

upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

Vasquez contends that the information failed to allege the acts relied upon to show that Vasquez was reckless about whether another was present who would be offended or alarmed by his act. The information alleged:

> [O]n or about the 9th day of DECEMBER, A.D., 1997, ROMAN VASQUEZ, hereinafter called defendant, did then and there expose to E. Saucedo, hereinafter called complainant, PART OF DEFENDANT'S GENITALS with intent to arouse and gratify the sexual desire of SAID DEFENDANT and did so recklessly about whether another person was present who would be offended and alarmed by defendant's act, to wit: THE SAID DEFENDANT MASTURBATED HIS PENIS IN THE PRESENCE OF THE SAID COMPLAINANT.

Vasquez urges that the information failed to allege any acts constituting recklessness and is similar to an information that the Court of Criminal Appeals found to be defective. *See Gengnagel v. State,* 748 S.W.2d 227, 228 (Tex.Crim.App.1988). In *Gengnagel,* the defendant alleged that the information was defective because it did not allege the acts relied upon to constitute recklessness. *Id.* at 228. The information alleged that the defendant:

> did then and there expose to Kenneth Gore, his genitals with intent to arouse and gratify the sexual desire of the defendant, and the said defendant did so recklessly and in conscious disregard of whether another person was present who would be offended and alarmed by such act, to-wit: exposition of his genitals by the defendant to complainant.

*Id.* The Court of Criminal Appeals found that the information was fundamentally defective for failure to allege any act or circumstances which would show that the exposition was done in a reckless manner.

*Id.* at 230. Vasquez asserts that the information in this case suffers the same defect as the information in *Gengnagel.* We, however, find that the information in this case can be distinguished from the defective information in *Gengnagel.* The information in *Gengnagel* alleged that the defendant exposed his genitals and then merely repeated exposition of genitals as the act constituting recklessness. In this case, the State alleged that Vasquez exposed his genitals and alleged the separate act of masturbation as the act constituting recklessness. Thus, the State alleged an act constituting recklessness as required by article 21.15 of the Code of Criminal Procedure. We overrule Vasquez's sole issue.

Accordingly, we affirm the judgment.