Alva Jerome HANKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–99–670–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 22, 2002.

Alva Jerome Hankins, Houston, pro se.

Kirby J. Taylor, Houston, for appellant.

Calvin A. Hartmann, Asst. Dist. Atty., John B. Holmes, Jr., Charles A. Rosenthal, Jr., Dist. Attys., Houston, for appellee.

Before Justices HINOJOSA, YAÑEZ and BAIRD.[1]

## OPINION

Opinion by Justice BAIRD.

Appellant was charged by information with the offense of indecent exposure. A jury found appellant guilty of the charged offense. The trial judge assessed punishment at 180 days confinement, probated, and a fine of $300. Appellant raises three points of error. We affirm.

### I. Sufficiency of the Evidence.

 Appellant contends the evidence is legally insufficient to support the jury's verdict. Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The appellate standard for reviewing a legal sufficiency challenge is whether any rational

---

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX GOV'T CODE ANN. § 74.003 (Vernon 1998).

trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.* at 320, 99 S.Ct. 2781. The evidence is examined in the light most favorable to the fact-finder. *Id.*

In that light, the record evidence establishes the following. Houston police officer R.G. Lopez was working in an undercover capacity as a vice officer when he entered an adult bookstore. Lopez gained admission to the rear of the store by purchasing tokens used to operate video machines which showed pornographic movies. The video machines were housed in separate booths which were approximately three foot square—just large enough for two or three people to stand in.

After entering the rear of the store, Lopez saw appellant who looked at Lopez and motioned by head gesture for him to approach. Lopez walked to appellant and the two men entered a booth. The video machine was playing a pornographic video of one man performing fellatio on another. Appellant touched Lopez's genital area with one hand. With his other hand, appellant unzipped his pants, pulled out his penis, and began to masturbate. Lopez testified he was alarmed, surprised and offended. Lopez identified himself as a peace officer and arrested appellant. Neither Lopez nor appellant uttered a word prior to the exposure.

The elements of the offense of indecent exposure are: (1) a person (2) exposes his anus or any part of his genitals (3) with intent to arouse or gratify the sexual desire of any person, and (4) he is reckless about whether another is present who will be offended or alarmed by his act. TEX. PEN.CODE ANN. § 21.08 (Vernon 1994). Appellant argues the evidence is insufficient to establish the culpable mental state of reckless. A person acts recklessly "with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX. PEN.CODE ANN. § 6.03(c) (Vernon 1994).

■ In the context of indecent exposure, we focus on whether appellant was reckless regarding whether another person was present who would be offended. *Hefner v. State*, 934 S.W.2d 855, 857 (Tex. App.-Houston [1st Dist.] 1996, pet. ref'd). With this objective standard, one looks through the eyes of the ordinary person standing in appellant's shoes. *Id.* The State was not required to show that appellant recklessly used the booth, but rather that appellant's conduct in the booth was reckless. In *McGee v. State*, 804 S.W.2d 546 (Tex.App.-Houston [14th Dist.] 1991, no pet.), the defendant masturbated in a private dressing room. *Id.* at 547. The court recognized the State was not required to prove the defendant intended for the manager of the store to see the defendant's genitals, merely that the defendant's genitals were open to view while intending to satisfy his sexual desire. *Id.* The court held that even though the defendant thought his behavior was acceptable, he was still reckless as to whether a reasonable person would have been offended. *Id.*

In *Hefner*, a peace officer entered a booth in an adult bookstore and started a movie. *Hefner*, 934 S.W.2d at 856. The defendant inserted his penis through a hole in the wall separating the booths. *Id.* The court rejected the defendant's argument that such conduct was not reckless in an adult book store because the location of the offense does not necessarily control. *Id.* at 857. The court further reasoned that even if the environment did control, an adult bookstore sells sexual materials and rents movies, not live nudity. *Id.* at 858. Therefore, a rational fact finder

could have concluded that the defendant was reckless because, as far as he knew, the other person was present simply to watch a movie, not to see the defendant's body. *Id.* Therefore, the evidence was sufficient to prove appellant was reckless about whether someone was present who may have been offended. *Id.; see also Broussard v. State,* 999 S.W.2d 477, 483–84 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).

■ In the instant case, Lopez did not ask the defendant to expose himself, nor did the defendant ask for Lopez's consent nor did he attempt to ascertain if Lopez would be offended.[2] Lopez testified he was offended and alarmed by appellant's actions. As far as appellant knew, Lopez could have been there for the purpose of viewing an adult video, not to watch appellant masturbate. When these facts are considered in light of the foregoing authority, we hold the evidence was sufficient for a rational jury to find appellant acted recklessly. The second point of error is overruled.

## II. The Charging Instrument.

■ The first point of error contends the trial judge erred in denying appellant's motion to quash the information. Specifically, appellant argues the information was defective for failing to adequately allege the act or acts relied upon to constitute recklessness. We review a challenge to a trial court's ruling on a motion to quash a charging instrument under an abuse of discretion standard. *Harrison v. State,* 76 S.W.3d 537 (Tex.App.-Corpus Christi 2002, no pet.).[3]

■ Whenever recklessness is a part or element of an offence, the charging instrument must allege, with reasonable certainty, the acts relied upon to constitute recklessness. TEX.CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989).[4] Article 21.15 imposes two requirements on a charging instrument alleging reckless misconduct. *State v. McCoy,* 64 S.W.3d 90, 92 (Tex. App.-Austin 2001, no pet.). First, the indictment must allege the act or acts relied on to constitute the forbidden conduct committed with recklessness. *Id.* (citing *Graham v. State,* 657 S.W.2d 99, 104 (Tex. Crim.App.1983)). Second, the indictment must allege the acts or circumstances relied on to demonstrate that the forbidden conduct was committed in a reckless manner. *Id.* (citing *Gengnagel v. State,* 748 S.W.2d 227, 228–30 (Tex.Crim.App.1988)). A charge of indecent exposure requires the State to allege circumstances which indicate the appellant was aware of the risk that another person was present who

---

2. We are aware that appellant testified that Lopez invited appellant to expose himself. However, this testimony was rejected by the jury. Moreover, since we are required to view the evidence in the light most favorable to the jury's verdict, we do not consider this testimony in our legal sufficiency analysis.

3. We recognize the decisions of the courts of appeals are in conflict on whether the appropriate standard of appellate review is abuse of discretion or *de novo. Compare State v. McCoy,* 64 S.W.3d 90, 92 (Tex.App.-Austin 2001, no pet.); *State v. York,* 31 S.W.3d 798, 801 (Tex.App.-Dallas 2000, pet. ref'd).

4. Specifically, Article 21.15 provides:

Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence. TEX.CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989).

would be offended by the exposure and that the appellant acted in conscious disregard of that risk. *Gengnagel v. State*, 748 S.W.2d 227, 230 (Tex.Crim.App.1988).[5]

■ The instant information alleged, in pertinent part, that appellant "expose[d] his penis to R.G. Lopez with intent to arouse and gratify the sexual desire of [appellant], and [appellant] was reckless about whether another person was present who would be offended and alarmed by the act, to wit: by masturbating his exposed penis." This information meets the first requirement: by alleging *by masturbating his exposed penis,* the information alleges with reasonable certainty the act relied on to constitute recklessness. However, the second requirement is lacking: because the information does not expressly allege the act was directed at a specific individual, the information does not allege the acts or circumstances relied on to demonstrate that the forbidden conduct was committed in a reckless manner.[6] Therefore, we hold the trial judge erred in denying appellant's motion to quash the information.

■ We must now address the question of harm. In a criminal case, the charging instrument itself must convey adequate notice from which the accused may prepare his defense. *DeVaughn v. State,* 749 S.W.2d 62, 67 (Tex.Crim.App.1988). A defective information does not require reversal unless the defect "prejudice[s] the substantial rights of the defendant." Tex. Code Crim. Proc. Ann. art. 21.19 (Vernon 1989). A substantial right is prejudiced only if the particular defect of notice harmed the defendant. *Adams v. State,* 707 S.W.2d 900, 903 (Tex.Crim.App.1986). This inquiry is a question of law. *Janecka v. State,* 823 S.W.2d 232, 236 (Tex.Crim. App.1990) (quoting *Adams,* 707 S.W.2d at 903).

The instant information alleged appellant exposed his penis to Lopez. Its deficiency arises by not expressly alleging that appellant's act of masturbation was directed at a specific individual. As noted above, appellant's act of exposure occurred in a video booth which was approximately three foot square—just large enough for two or three people to stand in. The only individual in the booth with appellant was Lopez. No one else testified to seeing appellant masturbate. Therefore, under the unique facts of this case, the only individual to whom the indecent act could have been directed was Lopez. Accordingly, we hold appellant had the ability to prepare a defense and was not impacted by the lack of notice in the indictment. The first point of error is overruled.

The third point of error contends the trial court erred in denying appellant's motion for new trial. In that motion, appellant re-urged the argument in his mo-

---

5. In *Gengnagel,* the information alleged the defendant: "expose[d to the complainant], his genitals with intent to arouse and gratify the sexual desire of the defendant, and the said defendant did so recklessly and in conscious disregard of whether another person was present who would be offended and alarmed by such act, to-wit: exposition of his genitals by the defendant to complainant." This pleading was deficient because it merely repeated exposition of genitals as the act constituting recklessness. *Id.* 748 S.W.2d at 228–230.

6. The State relies upon *Vasquez v. State,* 9 S.W.3d 839 (Tex.App.-San Antonio 1999, pet. ref'd), which held an indecent exposure information which alleged the defendant "masturbated his penis in the presence of the said complainant" was sufficient. *Id.* at 840. However, *Vasquez* is distinguishable because that information alleged the act was done in the presence of the complainant. In this connection, we find it interesting that at one time the instant information named Lopez in the reckless allegation. However, that portion of the information was later abandoned by the State.

tion to quash the information. For the reasons given in connection with the first point of error, the third point of error is likewise overruled.

The judgment of the trial court is affirmed.