NUMBER
13-99-670-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG


 

ALVA
JEROME HANKINS,                                                     Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

            
On appeal from County Criminal Court at Law No. 15

                                    of Harris
County, Texas

 

                                   O P I N I O N

 

                      Before Justices Hinojosa,
Yañez and Baird[1]

                                   Opinion by
Justice Baird     

 








Appellant was charged
by information with the offense of indecent exposure.  A jury found appellant guilty of the charged
offense.  The trial judge assessed
punishment at 180 days confinement, probated, and a fine of $300.  Appellant raises three points of error.  We affirm.

I.  Sufficiency of the Evidence.

Appellant contends the
evidence is legally insufficient to support the jury=s verdict.  Legal sufficiency is the constitutional
minimum required by the Due Process Clause of the Fourteenth Amendment to
sustain a criminal conviction.  Jackson
v. Virginia, 443 U.S. 307, 315‑16 (1979).  The appellate standard for reviewing a legal
sufficiency challenge is whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Id. at 320.  The evidence is examined in the light most
favorable to the fact-finder.  Id.

In that light, the
record evidence establishes the following. 
Houston police officer R. G. Lopez was working in an undercover capacity
as a vice officer when he entered an adult bookstore.  Lopez gained admission to the rear of the
store by purchasing tokens used to operate video machines which showed
pornographic movies.  The video machines
were housed in separate booths which were approximately three foot square B just large enough for
two or three people to stand in. 








After entering the
rear of the store, Lopez saw appellant who looked at Lopez and motioned by head
gesture for him to approach.  Lopez
walked to appellant and the two men entered a booth.  The video machine was playing a pornographic
video of one man performing fellatio on another.  Appellant touched Lopez=s genital area with
one hand.  With his other hand, appellant
unzipped his pants, pulled out his penis, and began to masturbate.  Lopez testified he was alarmed, surprised and
offended.  Lopez identified himself as a
peace officer and arrested appellant. Neither Lopez nor appellant uttered a
word prior to the exposure. 

The elements of the
offense of indecent exposure are: (1) a person (2) exposes his anus or any part
of his genitals (3) with intent to arouse or gratify the sexual desire of any
person, and (4) he is reckless about whether another is present who will be
offended or alarmed by his act.  Tex. Pen. Code Ann. ' 21.08 (Vernon 1994).  Appellant argues the evidence is insufficient
to establish the culpable mental state of reckless.  A person acts recklessly Awith respect to
circumstances surrounding his conduct or the result of his conduct when he is
aware of but consciously disregards a substantial and unjustifiable risk that
the circumstances exist or the result will occur.@ Tex. Pen. Code Ann. ' 6.03(c) (Vernon 1994).








In the context of
indecent exposure, we focus on whether appellant was reckless regarding whether
another person was present who would be offended. Hefner
v. State, 934 S.W.2d 855, 857 (Tex. App.BHouston
[1st Dist.] 1996, pet. ref'd).  With this objective standard, one looks
through the eyes of the ordinary person standing in appellant's shoes.  Id. 
The State was not required to show that appellant recklessly used the
booth, but rather that appellant's conduct in the booth was reckless.  In McGee v. State, 804 S.W.2d 546
(Tex. App.BHouston [14th Dist.]
1991, no pet.), the defendant masturbated in a private dressing room.  Id. at 547.  The court recognized the State was not
required to prove the defendant intended for the manager of the store to see
the defendant=s genitals, merely
that the defendant's genitals were open to view while intending to satisfy his
sexual desire.  Id.  The court held that even though the defendant
thought his behavior was acceptable, he was still reckless as to whether a
reasonable person would have been offended. 
Id.

In Hefner, a
peace officer entered a booth in an adult bookstore and started a movie.  Hefner, 934 S.W.2d
at 856.  The defendant inserted
his penis through a hole in the wall separating the booths.  Id. 
The court rejected the defendant=s argument that such
conduct was not reckless in an adult book store because the location of the
offense does not necessarily control.  Id. at 857. 
The court further reasoned that even if the environment did control, an
adult bookstore sells sexual materials and rents movies, not live nudity.  Id. at 858.  Therefore, a rational fact finder could have
concluded that the defendant was reckless because, as far as he knew, the other
person was present simply to watch a movie, not to see the defendant=s body.  Id. Therefore, the evidence was
sufficient to prove appellant was reckless about whether someone was present
who may have been offended.  Id.; see
also Broussard v. State, 999 S.W.2d 477, 483‑84 (Tex. App.BHouston [14th Dist.]
1999, pet. ref'd). 








In the instant case,
Lopez did not ask the defendant to expose himself, nor did the defendant ask
for Lopez's consent nor did he attempt to ascertain if Lopez would be offended.[2]  Lopez testified he was offended and alarmed
by appellant's actions.  As far as
appellant knew, Lopez could have been there for the purpose of viewing an adult
video, not to watch appellant masturbate. 
When these facts are considered in light of the foregoing authority, we
hold the evidence was sufficient for a rational jury to find appellant acted
recklessly.  The second point of error is
overruled.

II.  The Charging Instrument.

The first point of
error contends the trial judge erred in denying appellant=s motion to quash the
information.  Specifically, appellant
argues the information was defective for failing to adequately allege the act
or acts relied upon to constitute recklessness. 
We review a challenge to a trial court's ruling on a motion to quash a
charging instrument under an abuse of discretion standard.  Harrison v. State,
76 S.W.3d 537 (Tex. App.BCorpus
Christi 2002, no pet.).[3]








Whenever recklessness
is a part or element of an offence, the charging instrument must allege, with
reasonable certainty, the acts relied upon to constitute recklessness. Tex. Code Crim. Proc. Ann. art. 21.15
(Vernon 1989).[4]  Article 21.15 imposes two requirements on a
charging instrument alleging reckless misconduct.  State v. McCoy, 64
S.W.3d 90, 92 (Tex. App.BAustin
2001, no pet.).  First, the
indictment must allege the act or acts relied on to constitute the forbidden
conduct committed with recklessness.  Id.
(citing Graham v. State, 657 S.W.2d 99, 104 (Tex. Crim. App. 1983)).  Second, the indictment must allege the acts
or circumstances relied on to demonstrate that the forbidden conduct was
committed in a reckless manner.  Id. (citing Gengnagel v. State, 748 S.W.2d 227, 228‑30
(Tex. Crim. App.1988)).  A charge
of indecent exposure requires the State to allege circumstances which indicate
the appellant was aware of the risk that another person was present who would
be offended by the exposure and that the appellant acted in conscious disregard
of that risk.  Gengnagel
v. State, 748 S.W.2d 227, 230 (Tex. Crim. App.1988).[5]








The instant
information alleged, in pertinent part, that appellant Aexpose[d] his penis to
R. G. Lopez with intent to arouse and gratify the sexual desire of [appellant],
and [appellant] was reckless about whether another person was present who would
be offended and alarmed by the act, to wit: by masturbating his exposed penis.@  This information meets the first requirement:
by alleging by masturbating his exposed penis, the information alleges
with reasonable certainty the act relied on to constitute recklessness.  However, the second requirement is
lacking:  because the information does
not expressly allege the act was directed at a specific individual, the information
does not allege the acts or circumstances relied on to demonstrate that the
forbidden conduct was committed in a reckless manner.[6]  Therefore, we hold the trial judge erred in
denying appellant=s motion to quash the
information.

We must now address
the question of harm.  In a criminal
case, the charging instrument itself must convey adequate notice from which the
accused may prepare his defense.  DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).  A defective
information does not require reversal unless the defect "prejudice[s] the
substantial rights of the defendant." 
Tex. Code Crim.
Proc. Ann. art. 21.19 (Vernon 1989). 
A substantial right is prejudiced only if the particular defect of
notice harmed the defendant.  Adams v. State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986).  This inquiry is a question of law.  Janecka v. State,
823 S.W.2d 232, 236 (Tex. Crim. App. 1990) (quoting Adams, 707 S.W.2d at
903).








The instant
information alleged appellant exposed his penis to Lopez.  Its deficiency arises by not expressly
alleging that appellant=s act of masturbation
was directed at a specific individual. 
As noted above, appellant=s act of exposure
occurred in a video booth which was approximately three foot square B just large enough for
two or three people to stand in.  The
only individual in the booth with appellant was Lopez.  No one else testified to seeing appellant
masturbate.  Therefore, under the unique
facts of this case, the only individual to whom the indecent act could have
been directed was Lopez.  Accordingly, we
hold appellant had the ability to prepare a defense and was not impacted by the
lack of notice in the indictment.  The
first point of error is overruled.

The third point of
error contends the trial court erred in denying appellant=s motion for new
trial.  In that motion, appellant
re-urged the argument in his motion to quash the information.  For the reasons given in connection with the
first point of error, the third point of error is likewise overruled.

The judgment of the
trial court is affirmed.

 

 

                                                   


CHARLES
F. BAIRD

Justice

 

 

Publish. 


Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

22nd day
of August, 2002.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t
Code Ann. ' 74.003 (Vernon 1998).





[2] We
are aware that appellant testified that Lopez invited appellant to expose himself.  However, this testimony was rejected by the
jury.  Moreover, since we are required to
view the evidence in the light most favorable to the jury=s
verdict, we do not consider this testimony in our legal sufficiency analysis.





[3]  We recognize the decisions of the courts of
appeals are in conflict on whether the appropriate standard of appellate review
is abuse of discretion or de novo. 
Compare State v. McCoy, 64 S.W.3d 90, 92 (Tex. App.BAustin
2001, no pet.); State v. York, 31 S.W.3d 798, 801 (Tex. App.BDallas
2000, pet. ref'd).





[4]  Specifically, Article 21.15 provides:

 

Whenever
recklessness or criminal negligence enters into or is a part or element of any
offense, or it is charged that the accused acted recklessly or with criminal
negligence in the commission of an offense, the complaint, information, or
indictment in order to be sufficient in any such case must allege, with
reasonable certainty, the act or acts relied upon to constitute recklessness or
criminal negligence, and in no event shall it be sufficient to allege merely
that the accused, in committing the offense, acted recklessly or with criminal
negligence.

 

Tex.Code Crim. Proc. Ann. art. 21.15 (Vernon 1989).





[5]  In Gengnagel, the information alleged
the defendant: Aexpose[d
to the complainant], his genitals with intent to arouse and gratify the sexual
desire of the defendant, and the said defendant did so recklessly and in
conscious disregard of whether another person was present who would be offended
and alarmed by such act, to‑wit: exposition of his genitals by the
defendant to complainant.@  This pleading was deficient because it merely
repeated exposition of genitals as the act constituting recklessness.  Id. 748 S.W.2d at 228-230.  





[6]  The State relies upon Vasquez v. State,
9 S.W.3d 839 (Tex. App.BSan
Antonio 1999, pet. ref'd), which held an indecent exposure information which
alleged the defendant Amasturbated
his penis in the presence of the said complainant@ was
sufficient.  Id.
at 840.  However, Vasquez
is distinguishable because that information alleged the act was done in the
presence of the complainant.  In this
connection, we find it interesting that at one time the instant information
named Lopez in the reckless allegation. 
However, that portion of the information was later abandoned by the
State.