Date issued February 20, 2003














   
     




In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01053-CR




BRET MATTHEW GALLIFORD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 5
Harris County, Texas
Trial Court Cause No. 1050048




 
 
O P I N I O N
          Bret Matthew Galliford, appellant, pleaded guilty to indecent exposure.


 The
trial court assessed punishment at 60 days’ confinement. In one point of error,
appellant argues that the trial court erred in denying his motion to set aside the
information. We affirm.
Facts
          Appellant was charged by information with indecent exposure under section
21.08 of the Texas Penal Code. The charging information alleged in pertinent part
the following:
in Harris County, Texas, BRET MATTHEW GALLIFORD, hereafter
styled the Defendant, heretofore on or about March 19, 2001, did then
and there unlawfully expose his PART OF HIS GENITALS, NAMELY
HIS PENIS to JEONTE WARREN with intent to arouse and gratify the
sexual desire of JEONTE WARREN and BRET MATTHEW
GALLIFORD, and the Defendant was reckless about whether another
person was present who would be offended and alarmed by the act, to-wit: MASTURBATING HIS PENIS.
          Appellant filed a motion to set aside the information, complaining, in relevant
part, that the information failed to allege the acts relied on by the State to constitute
the required recklessness and the place of the alleged act.
          The trial court denied appellant’s motion on September 6, 2001. On September
10, 2001, appellant entered into a plea bargain, which the trial court followed, in
which his punishment would not exceed a $2,000 fine and 180 days’ confinement. 
The standard form plea bargain signed by appellant contained the statement that
appellant “knowingly and voluntarily” waived his right of appeal. However, the
“Special Notice of Appeal” filed by appellant pursuant to former Rule 25.2(b)
included an order of the trial court, signed and also dated September 10, 2001, stating
the “substance of appeal was raised by written motion and ruled on before trial.” The
order further states, “Permission to appeal is hereby granted by the Court.”Jurisdiction and Waiver
          We first address our jurisdiction to entertain this appeal. See State v. Roberts,
940 S.W.2d 655, 657 (Tex. Crim. App. 1996); Phillips v. State, 77 S.W.3d 465, 466
(Tex. App.—Houston [1st Dist.] 2002, no pet.). 
          Waiver of Right to Appeal
          Appellant signed, under oath, a waiver of his right to appeal if the trial court
followed the State’s recommendation as to punishment. This Court has held that in
such cases the appellant should be held to his bargain, and the appeal dismissed. 
Buck v. State, 45 S.W.3d 275, 277-78 (Tex. App.—Houston [1st Dist.] 2001, no pet.);
Lacy v. State, 56 S.W.3d 287, 288 (Tex. App.—Houston [1st Dist.] 2001, no pet.)
(notice of appeal specified appeal was from denial of motion to suppress). However,
the trial judge’s order granting permission to appeal rebuts the presumption that
appellant waived the right to appeal. Alzarka v. State, 90 S.W.3d 321, 324 (Tex.
Crim. App. 2002). 
          Compliance with the Texas Rules of Appellate Procedure
          The notice of appeal filed by appellant complied with former Rule 25.2(b)(3)
of the Texas Rules of Appellate Procedure, which stated that, in a plea-bargained case
in which the sentence accords with the plea bargain agreement, “the notice must: (A)
specify that the appeal is for a jurisdictional defect; (B) specify that the substance of
the appeal was raised by written motion and ruled on before trial; or (C) state that the
trial court granted permission to appeal.” Tex. R. App. P. 25.2(b)(3), 948-49 S.W.2d
(Texas Cases) LXI, XCVI (Tex. Crim. App. 1997) (amended effective January 1,
2003). Unless the notice of appeal meets the rule’s requirements, jurisdiction over
the appeal is not conferred on the appellate court. See White v. State, 61 S.W.3d 424,
429 (Tex. Crim. App. 2001). The notice of appeal in this case complied with
subsections (B) and (C) of the former rule. 
Conclusion
          Here, appellant moved to quash the indictment, and the trial court denied the
motion. Appellant then entered into a plea bargain, which was accepted and followed
by the trial court. Appellant filed a proper notice of appeal on the same day as the
plea bargain, and, by order written on the notice of appeal, the trial court granted
appellant permission to appeal the ruling on the motion to quash. From the record in
this case, we conclude that appellant did not waive his right to appeal and filed a
proper notice of appeal under former Rule 25.2(b)(3). Therefore, we reach the merits
of the appeal. 
Issue
          In his sole point of error, appellant argues that the trial court erred in failing to
grant his motion to set aside the information. Appellant argues that the charging
instrument did not allege, with reasonable certainty, the act or acts relied upon to
constitute recklessness. He specifically argues that the information failed to allege
the reckless act and the place of the reckless act, thereby failing to provide him
adequate notice to prepare a defense. Appellant argues that the reckless act should
have been set out by language such as, “The appellant masturbated his penis in a
public park after seeing the complainant approach him.” 
Standard of Review
          We review a trial court’s ruling on a motion to set aside an information for an
abuse of discretion. State v. Goldsberry, 14 S.W.3d 770, 772 (Tex. App.—Houston
[1st Dist.] 2000, pet. ref’d). The test for abuse of discretion is whether the court acted
without reference to any guiding rules and principles by acting arbitrarily or
unreasonably. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).
Discussion
          The Texas Penal Code provides that a person commits the offense of indecent
exposure if “he exposes his anus or any part of his genitals with intent to arouse or
gratify the sexual desire of any person, and he is reckless about whether another is
present who will be offended or alarmed by his act.” Tex. Pen. Code Ann. § 21.08
(Vernon 1994). A person is reckless if he is aware of but consciously disregards a
substantial and unjustifiable risk that the circumstances surrounding his conduct exist
or the result of his conduct will occur. Tex. Pen. Code Ann. § 6.03 (Vernon 1994).
The risk must be of such a nature and degree that its disregard constitutes a gross
deviation from the standard of care that an ordinary person would exercise under all
the circumstances as viewed from the actor’s standpoint. Id. Whenever recklessness
is an element of an offense, the information must allege, with reasonable certainty,
the act or acts relied upon to constitute recklessness. Tex. Code Crim. Proc. Ann.
art. 21.15 (Vernon 1989). The information must allege more than that the accused
acted recklessly. Id. 
          Sufficient Allegation of Reckless Act
          Appellant argues that the information failed to allege with reasonable certainty
the acts relied upon to show that he acted recklessly.
          To be adequate, an information alleging indecent exposure must allege (1) the
act relied on to constitute recklessness, and (2) an act or circumstances which indicate
that the defendant acted in a reckless manner. See Gengnagel v. State, 748 S.W.2d
227, 228-30 (Tex. Crim. App. 1988). Thus, in a case such as this one, the information
“must allege circumstances which indicate that appellant was aware of the risk that
another person was present who would be offended by his act . . . and that appellant
acted in conscious disregard of that risk.” Id. at 230. 
          Here, the information alleged appellant’s act of exposing his penis “to JEONTE
WARREN,” together with the separate reckless act of “masturbating his penis”; and
it alleged that “the defendant was reckless about whether another person was present
who would be offended and alarmed by the act to-wit: MASTURBATING HIS
PENIS.” By alleging not only that appellant exposed his penis, but by alleging the
separate act of “masturbating his penis,” the information met the first requirement of
Gengnagel by stating, with reasonable certainty, the act relied on to constitute
recklessness. The information met the second requirement by expressly alleging that
the act of masturbation was directed at appellant himself and Jeonte Warren and that
appellant was reckless about whether another person was present who might be
offended and alarmed by his act of self-gratification, namely Jeonte Warren. 
          This case is comparable to Vasquez v. State, 9 S.W.3d 839 (Tex. App.—San
Antonio 1999, pet. ref’d), in which the court of appeals distinguished Gengnagel,
stating:
We . . . find that the information in this case can be distinguished from
the defective information in Gengnagel. The information in Gengnagel
alleged that the defendant exposed his genitals and then merely repeated
exposition of genitals as the act constituting recklessness. In this case,
the State alleged that Vasquez exposed his genitals and alleged the
separate act of masturbation as the act constituting recklessness . . . .

Vasquez, 9 S.W.3d at 840. Here, likewise, the information alleged appellant’s act of
exposing his penis to Jeonte Warren, together with the separate reckless act of
“masturbating his penis” in the presence of Warren. We, therefore, find that the
information adequately alleged recklessness.
          We recognize that the Corpus Christi Court of Appeals has recently held that
an information similar to that in this case failed to satisfy the second requirement in
Gengnagel, stating, “[B]ecause the information does not expressly allege the act was
directed at a specific individual, the information does not allege the acts or
circumstances relied on to demonstrate that the forbidden conduct was committed in
a reckless manner.” Hankins v. State, 85 S.W.3d 433, 437 (Tex. App.—Corpus
Christi, 2002, no pet.). Here, of course, the information does state that appellant
directed the act of masturbation at Jeonte Warren and himself. Moreover, the Texas
Court of Criminal Appeals has expressly held that the person “to whom the exposure
is directed is not an essential element of the offense of indecent exposure” and that,
“[a]lthough it is better practice to plead, where applicable, an accused exposed
himself to a specified person or persons, failure to allege this would not render an
indictment or information fundamentally defective.” Wallace v. State, 550 S.W.2d
89, 91 (Tex. Crim. App. 1977); see also Metts v. State, 22 S.W.3d 544, 547 (Tex.
App.—Fort Worth 2000, pet. ref’d) (person to whom offense is directed is not an
essential element of the indecent exposure); State v. York, 31 S.W.3d 798, 802 (Tex.
App.—Dallas 2000, pet. ref’d) (same); Broussard v. State, 999 S.W.2d 477, 483 (Tex.
App.—Houston [14th Dist.] 1999, pet. ref’d); Hefner v. State, 934 S.W.2d 855, 857
(Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). 
          Place of the Act
          Appellant also argues that the information is defective for lack of notice for
failing to allege the place of the act with greater specificity. 
          A charging instrument must convey sufficient notice to allow the accused to
prepare his defense; specifically, it must allege all facts and circumstances necessary
to establish the material elements of the offense. Goldsberry, 14 S.W.3d at 772-73. 
A charging instrument tracking the language of the statute will, as a general rule,
satisfy constitutional and statutory notice requirements. Id. 
          If an information alleges all essential elements of an offense and the defendant
requests only additional factual allegations beyond those, the defect raised is one of
form. See Janecka v. State, 739 S.W.2d 813, 819 (Tex. Crim. App. 1987) (discussing
indictments). Under the Code of Criminal Procedure Article 21.19, an information
is not insufficient if the defect is one of form that does not prejudice the substantial
rights of the appellant. Tex. Code Crim. Proc. Ann. art. 21.19 (Vernon Supp.
2003). To prejudice the substantial rights of the defendant, the defect must be to
such a degree that the information does not provide adequate notice to the defendant
to prepare a defense. Adams v. State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986).           The Court of Criminal Appeals has held that the essential elements of the
offense of indecent exposure are (1) a person (2) exposes his anus or any part of his
genitals (3) with intent to arouse or gratify the sexual desire of any person and (4) is
reckless about whether another is present who will be offended or alarmed by his act. 
Wallace v. State, 550 S.W.2d 89, 91 (Tex. Crim. App. 1977). Here the information
contained all the essential elements of the offense, specifically (1) that appellant (2)
exposed his penis (3) to Warren with the intent to arouse and gratify the sexual desire
of Warren and himself and (4) that appellant masturbated his penis with reckless
disregard as to whether another person who would be offended was present, namely
Warren. Since the information alleged all essential elements of the offense of
indecent exposure, the alleged defect raised is one of form.
          Appellant does not state how any lack of notice of additional factual allegations
in the information hindered his ability to prepare his defense. See Adams v. State, 707
S.W.2d 900, 903-04 (Tex. Crim. App. 1986). Since the information alleged all of the
facts and circumstances necessary to establish the elements of the offense, and since
appellant has not shown any impact of the alleged lack of notice on his ability to
prepare a defense, we hold that the information did not prejudice the substantial rights
of the appellant.
          We overrule appellant’s sole point of error. Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
 
Panel consists of Justices Hedges, Keyes, and Evans.



Publish. Tex. R. App. P. 47.2.