Opinion issued November 18, 2004




     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01102-CR




ALEX MAGALLENEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause No. 1181293




MEMORANDUM OPINION

          A jury found appellant, Alex Magallanez, guilty of the misdemeanor offense
of indecent exposure,


 and the trial court assessed his punishment at 150 days in the
Harris County Jail. In five points of error, appellant challenges (1) the legal and
factual sufficiency of his conviction; (2) the effectiveness of his counsel; and (3) the
trial court’s discretion in denying his motion for new trial. We affirm.
Facts and Procedural Background
          The complainant, with her two daughters, went to a Home Depot store to shop
for wallpaper. While shopping, the complainant noticed appellant watching her. 
Appellant was wearing a pair of shorts. He bent down, opened his legs, moved his
shorts to one side, and exposed his genitals to her. At first, the complainant thought
he had accidentally exposed himself, so she moved down the aisle. Appellant
followed her, made eye contact a second time, bent down again, moved his shorts to
the side, and exposed himself again. The complainant moved two aisles over;
appellant again followed her and repeated his actions. Complainant was nervous
because she knew appellant was following her and believed he was not accidentally
exposing himself, and his actions offended her. She reported him to a Spanish-speaking employee. Together, they reported the incident to a police officer.
          Although there was a security camera system in the store at the time of this
encounter, no videotape was produced at trial by either the State or appellant. 
Appellant called the assistant store manager to testify regarding the surveillance
cameras, but this manager had not begun working at the store until a few weeks after
appellant exposed himself. He did not have access to the videotapes; nor did he
review any videotapes before the trial.
          Appellant and appellant’s counsel were admonished by the trial court before
appellant took the stand to testify. The court warned appellant and his counsel that
appellant’s prior conviction for indecent exposure would be admitted if appellant’s
testimony opened the door. Specifically, the court stated that if appellant claimed his
actions were an accident, his prior conviction would be admitted to disprove his
mistake defense. Both appellant and his counsel told the trial court they understood
that appellant’s testimony would determine whether his prior convictions would be
admitted. Appellant chose to testify. 
          Appellant testified on direct examination that he was wearing loose-fitting
jogging shorts, that he visited several locations in the store, and that he did not notice
the complainant. He produced two photographs of himself dressed similarly to the
way he was dressed at the Home Depot. During direct examination, appellant’s
counsel asked appellant to demonstrate how he squatted down in the store. Counsel
asked appellant, “Could you have inadvertently without realizing it while you were
squatting down maybe kind of pulled your pants back like this?” Appellant
demonstrated how he might have been squatting. His counsel then asked, “Were you
trying to expose yourself?” Appellant replied he was not. After establishing that the
complainant did not tell appellant he was exposing himself and that she did not
scream, appellant’s counsel passed the witness. 
          At this point, the State approached the bench and argued that appellant had
opened the door to admission of his prior exposure conviction. The trial court told
appellant and his counsel that the questions went directly to what they had been
warned about. The court admitted appellant’s prior convictions for indecent exposure
and theft, but limited testimony to the fact there were convictions, and did not allow
testimony about the facts of the previous cases. Appellant’s counsel objected to the
introduction of any testimony regarding the prior convictions. 
          On cross-examination by the State, appellant testified that he did not see the
complainant in the store until she made the police report. He stated that he was not
wearing any underwear under his loose-fitting shorts and that he intended to go to a
job site at a customer’s house after leaving the store. He again denied intending to
expose himself, at which point the State asked about his prior convictions. Appellant
admitted that he had prior convictions for indecent exposure and theft, but insisted
the complainant was lying. 
          At the close of the evidence, the trial court asked the State and appellant’s trial
counsel whether they had any objections to the court’s jury charge. Appellant’s
counsel objected. He requested that the paragraph limiting the jurors’ use of
appellant’s prior convictions be deleted from the charge because it would remind the
jury about the convictions and might bring into issue appellant’s intent; he stated that
he was making the request as a matter of trial strategy. The court deleted the
paragraph from the charge. 
          Closing arguments consisted of appellant’s counsel’s explaining that the
exposure was an accident and that the complainant overreacted. The State rebutted
defense counsel’s arguments and explained why appellant’s prior convictions were
admitted. The State explained that the prior conviction for indecent exposure went
to appellant’s intent and to a showing that there was no mistake or accident. The
State told the jury they should consider the theft conviction in relation to appellant’s
honesty. Appellant was convicted by the jury, and the court assessed punishment at
150 days’ confinement. 
          Appellant filed a notice of appeal, followed by a motion for new trial. In his
motion, appellant argued that counsel was ineffective for opening the door to the
admission of his prior convictions. In support of his motion, appellant obtained and
attached a sworn and signed affidavit from his trial counsel. The affidavit stated that
the attorney had “accidently opened the door for the admission of Alex Magallenez’
prior conviction at trial, and was informed by the jurors that they would not have
convicted him if they had not known of the prior convictions.” The trial court denied
the motion for new trial. 
Discussion
Sufficiency of the Evidence
          In his first and second points of error, appellant argues that the evidence used
to convict him was legally and factually insufficient to support his conviction. 
Legal Sufficiency
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational factfinder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented
at trial, we may not re-weigh the evidence and substitute our judgment for that of the
factfinder. King, 29 S.W.3d at 562. 
          Under the law applicable to this case, a person commits indecent exposure “if
he exposes . . . any part of his genitals with intent to arouse or gratify the sexual
desire of any person, and he is reckless about whether another is present who will be
offended or alarmed by his act.” Tex. Pen. Code Ann. § 21.08 (Vernon 2003). 
          Appellant contends the State did not prove beyond a reasonable doubt that he
was reckless about whether another was present who would be offended or alarmed
by his actions. The Penal Code’s definition of recklessness is: 
A person acts recklessly, or is reckless, with respect to
circumstances surrounding his conduct or the result of his conduct when
he is aware of but consciously disregards a substantial and unjustifiable
risk that the circumstances exist or the result will occur. The risk must
be of such a nature and degree that its disregard constitutes a gross
deviation from the standard of care that an ordinary person would
exercise under all the circumstances as viewed from the actor's
standpoint.

Tex. Pen. Code Ann. § 6.03(c) (Vernon 2003). In an indecent exposure case, we
focus on whether appellant was reckless regarding whether another person was
present who would be offended. Hankins v. State, 85 S.W.3d 433, 435 (Tex.
App.—Corpus Christi 2002, no pet.); Hefner v. State, 934 S.W.2d 855, 857 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d). Appellant stated he knew others were
in the store. He followed the complainant and exposed his genitals three times, in
three different areas of the store. While the complainant was willing to accept one
exposure as an accident, she testified that she felt that appellant’s exposing himself
three times was intentional and offensive. We conclude that this evidence was
sufficient for the jury to conclude beyond a reasonable doubt that appellant was
reckless about exposing himself to a person who would be offended.
          Appellant also contends the State did not prove beyond a reasonable doubt that
appellant acted with the intent to arouse or gratify the sexual desire of any person. 
The intent to arouse or gratify can be inferred from the conduct, remarks, and
circumstances surrounding the acts. Cate v. State, 124 S.W.3d 922, 931 (Tex.
App.—Amarillo 2004, pet. ref’d); Martins v. State, 52 S.W.3d 459, 474 (Tex.
App.—Corpus Christi 2001, no pet.). Appellant squatted down, made eye contact
with the complainant, moved his loose-fitting shorts to the side, and exposed his
genitals. He did this three times, in three different locations, within five minutes. We
conclude that a rational fact-finder could have found beyond a reasonable doubt that
appellant acted with the intent to arouse or gratify the sexual desires of a person, in
this case, himself. See Claycomb v. State, 988 S.W.2d 922, 925-26 (Tex.
App.—Texarkana 1999, pet. ref’d) (finding the evidence sufficient to establish intent
when a man was sitting on a bench in a mall, had his shorts pulled down, made eye
contact with the complainant, looked down at his exposed and erect penis, then
looked back up at the complainant, and made no effort to cover himself); Barker v.
State, 931 S.W.2d 344, 347 (Tex. App. —Fort Worth 1996, pet. ref’d) (finding the
evidence sufficient to establish intent when two girls walked passed a man’s truck,
noticed the man’s pants were pulled down to his thighs, and his penis was exposed).
          We overrule appellant’s first point of error.
Factual Sufficiency
          We review the factual sufficiency of the evidence by reviewing all the evidence
as a whole neutrally, not in the light most favorable to the prosecution. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The Court of Criminal Appeals has
recently stated:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004) (footnote omitted). 
We must consider the most important evidence that the appellant claims undermines
the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          Appellant contends that the evidence does not support indecent exposure. He
argues the evidence shows his actions were accidental because the complainant
testified that she first thought he was accidentally exposing himself. In other words,
appellant argues that the evidence is too weak to support a finding of guilt beyond a
reasonable doubt. Appellant fails to acknowledge that the complainant testified that
she did not believe his actions were accidental after he made eye contact, followed
her to different sections of the store, and exposed himself a total of three times. “As
the exclusive judges of the facts, the credibility of the witnesses, and the weight to be
given their testimony, the jury may believe or disbelieve all or any part of a witness’s
testimony.” McKinney v. State, 76 S.W.3d 463, 468-69 (Tex. App.—Houston [1st
Dist.] 2002, no pet.). We will not substitute our judgment for that of the fact-finder
under these circumstances, which depend exclusively on whether the jury found the
complainant or appellant more credible. See In re L.R., 84 S.W.3d 701, 705 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (noting that as the exclusive judges of
witnesses’ credibility, juries are entitled to believe the complainant and not believe
appellant). 
          After examining all of the evidence neutrally and weighing all the evidence,
we hold that the proof of guilt was not so obviously weak as to undermine confidence
in the jury’s determination; nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard could not have been met.
          We overrule appellant’s second point of error.
          Ineffective Assistance of Counsel
          In his third and fourth points of error, appellant challenges the effectiveness of
his trial counsel. Appellant contends his counsel was ineffective because (1) he
opened the door to the admission of appellant’s prior convictions; (2) he did not
request that the trial court give a limiting instruction to the jury that appellant’s prior
convictions could be used only for impeachment purposes; (3) he requested that the
instruction in the jury charge, which explains that the State must prove extraneous
offenses beyond a reasonable doubt, be deleted; and (4) he did not object to the
admission of the extraneous offenses.
          In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Hernandez v. State, 988
S.W.2d 770 (Tex. Crim. App. 1999). First, the defendant must show that his
counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2068. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Id.; McFarland v. State, 845 S.W.2d
824, 842 (Tex. Crim. App. 1992). Second, the defendant must show prejudice. 
Strickland, 466 U.S. at 687. In determining whether counsel’s performance resulted
in prejudice, we look to the weight, nature, and focus of the evidence admitted; the
role that the evidence played in the State’s closing argument; and the relative role the
evidence played in the outcome of the trial. See Ex parte Nailor, 105 S.W.3d 272,
280 (Tex. App.—Houston [14th Dist.] 2003), aff’d, 2004 WL 574634 (Tex. Crim.
App. 2004) (citing Ex parte Menchaca, 854 S.W.2d 128, 133 (Tex. Crim. App.
1993)). This test requires the defendant to show there is a reasonable probability that,
but for his counsel’s unprofessional errors, the result of the proceeding would have
been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Id. 
The failure to satisfy one prong of the Strickland test negates a court’s need to
consider the other. Id. at 697. 
          Assuming, without deciding, that appellant’s trial counsel’s performance fell
below prevailing professional norms, we find that the testimony taken during the trial
was more than enough for a rational jury to conclude that appellant committed
indecent exposure, so that the outcome would not have been different had the
standard been met. The complainant testified that appellant made eye contact,
squatted down, moved his loose-fitting shorts to the side, and exposed his genitals to
her and her two daughters. She testified that appellant followed her down the aisle
and exposed himself a second time. She testified that he followed her and her
children two aisles away and exposed himself a third time. The only contrary
evidence is appellant’s own testimony. Appellant admitted he was not alone in the
store, that he was wearing loose-fitting shorts with no underwear, and that he squatted
down. He only disputed intentionally exposing himself. 
          Appellant’s prior convictions were admitted only to impeach appellant’s
testimony on the issues of intent and credibility. The State impeached appellant by
asking if he had been convicted of the offenses; it did not go into the details of the
crimes or dwell on appellant’s past history. During closing argument, the State
explained that appellant’s prior conviction for indecent exposure went to appellant’s
intent and lack of accident and that the theft conviction could be considered to weigh
the credibility of appellant’s honesty. The State did not focus on the prior convictions
during examination of the witnesses or in closing arguments. 
          In light of the evidence of appellant’s guilt in the record and the limited use
made of appellant’s prior conviction, we hold that the record does not support the
conclusion that there was a probability of a different outcome on guilt if appellant’s
trial counsel had not opened the door to the admission of appellant’s prior
convictions. See Ex Parte White, Nos. 74757 & 74758, 2004 WL 2179272 *1 (Tex.
Crim. App. Sept. 29, 2004) (finding the record did not support the conclusion that a
probability existed that the result would have been different but for counsel’s actions
where the record had ample evidence to support the jury’s conclusion); Greene v.
State, 124 S.W.3d 789, 792-93 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d)
(holding appellant did not meet his burden to show prejudice when there was
substantial evidence to allow jury rationally to conclude that appellant committed
crime for which he was charged).
          Nor was there a probability that appellant’s punishment would have been
different had appellant’s counsel been effective. See Hernandez, 988 S.W.2d at 771-72 (applying Strickland’s two-pronged test to punishment phase). A violation of
§21.08 of the Penal Code is punishable by a fine of $2,000 and/or incarceration up
to 180 days. See Tex. Pen. Code Ann. § § 21.08, 12.22 (Vernon 2003). Despite two
prior convictions, appellant was sentenced to only 150 days in the county jail. The
record does not support the conclusion that the punishment assessed would have been
different but for appellant’s counsel’s actions. See Ex Parte White, 2004 WL
2179272 *1.
          We hold that appellant has failed to carry his burden of proving that his counsel
was ineffective.
          We overrule appellant’s third point of error.
          Failure to Object
          In his fourth point of error, appellant complains that his trial counsel did not
object to the admission of his prior convictions. The record does not support this
contention. Trial counsel clearly objected to the admission of the prior convictions,
and the trial court overruled his objection.
          We overrule appellant’s fourth point of error.
          Motion for New Trial
          In his fifth point of error, appellant argues that the trial court erred in denying
his motion for new trial. Ineffective assistance of counsel may be raised in a motion
for new trial. State v. Gonzalez, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993); Reyes
v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). Because the decision on a
motion for new trial rests within the sound discretion of the trial court, the standard
of review on appeal is whether the trial court abused its discretion. Salazar v. State,
38 S.W.3d 141, 148 (Tex. Crim. App. 2001); Tollett v. State, 799 S.W.2d 256, 259
(Tex. Crim. App. 1990); Reyes v. State, 82 S.W.3d 351, 353 (Tex. App.—Houston
[1st Dist.] 2001, pet. ref’d). A trial court abuses its discretion when it acts in an
arbitrary or unreasonable manner, or, in other words, if it acts without reference to
any guiding rules or principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex.
Crim. App. 1990). 
          Appellant’s motion for new trial was premised on his ineffective assistance of
counsel claim. Attached to the motion for new trial was an affidavit from appellant’s
trial counsel stating that he had accidently opened the door to the admission of
appellant’s prior convictions. The trial court considered appellant’s motion for new
trial on the pleadings, without a hearing, and subsequently denied the motion. 
          The trial judge could have reasonably concluded that whether appellant’s
counsel accidently opened the door to appellant’s prior convictions or not, the jury
could reasonably have found appellant guilty and assessed punishment on the basis
of the other evidence before it. Therefore, the trial court did not abuse its discretion
in denying appellant’s motion for new trial. 
          Appellant’s fifth point of error is overruled.
          We affirm the judgment of the trial court.
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).